# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados,

Plaintiff,

v.

ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION,

Defendants.

C.A. No. 05-730

2005 OCT 14 PM 1:33

**COMPLAINT FOR PATENT INFRINGEMENT**

For its complaint herein, Plaintiff alleges as follows:

1. Plaintiff Biovail Laboratories International SRL ("Biovail") is a corporation organized and existing under the laws of Barbados and has a place of business in Carolina, Puerto Rico.

2. Upon information and belief, defendant Andrx Pharmaceuticals, LLC ("Andrx LLC") is a limited liability company organized under the laws of Delaware, and maintains a principal place of business at 4955 Orange Drive, Davie, Florida 33314.

3. Upon information and belief, Andrx LLC is a wholly-owned subsidiary of Andrx Corporation ("Andrx Corp."), a corporation organized under the laws of Delaware that maintains a principal place of business at 4955 Orange Drive, Davie, Florida 33314.

4. Upon information and belief, Andrx LLC and Andrx Corp. have common officers and directors; the acts of Andrx LLC complained of herein were done at

the direction of, with the authorization of, and with the cooperation, participation and assistance of Andrx Corp.

5.    Andrx LLC and Andrx Corp. are referred to hereinafter collectively as "Andrx."

## JURISDICTION AND VENUE

6.    This action arises under the patent laws of the United States of America and specifically under 35 U.S.C. § 271(e) and jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

7.    Upon information and belief, Andrx, including through subsidiaries, sells various products and does business throughout the United States including this District, and both Defendants are organized under the laws of Delaware.

8.    Upon information and belief, Andrx manufactures bulk pharmaceuticals and pharmaceutical products that are sold and used, including through subsidiaries, throughout the United States, including this District.

## CLAIM FOR RELIEF

9.    Biovail incorporates paragraphs 1-8 by reference herein.

10.    United States Patent No. 5,529,791 (hereinafter "the '791 patent") was lawfully granted on June 25, 1996 to Galephar P.R., Inc., Ltd. ("Galephar"), the assignee of the named inventors, Arthur M. Deboeck and Philippe R. Baudier.

11.    A copy of the '791 patent is attached as Exhibit A.

12. Biovail is the exclusive licensee of the '791 patent under a September, 1995 Agreement, which remains in full force and effect, and has the exclusive right to sublicense others and to sue for infringement.

13. Biovail is the holder of New Drug Application ("NDA"), No. 21-392, by which the United States Food & Drug Administration ("FDA") first granted approval for 120, 180, 240, 300, 360 and 420 mg extended release tablets including the active ingredient diltiazem hydrochloride. These tablets are marketed in the United States under the tradename Cardizem® LA, and are indicated for the treatment of hypertension, and the management of chronic stable angina.

14. Upon information and belief, Andrx filed in the FDA an Abbreviated New Drug Application ("ANDA") No. 77-686 including a certification with respect to the '791 patent under § 505(j)(2)(B)(ii) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355), seeking approval to market and sell a generic version of Cardizem® LA 420 mg tablets prior to the expiration of that patent.

15. Upon information and belief, on or about June 22, 2005, Andrx sent a notice letter to Biovail, Galephar, and to Bank of Nova Scotia in which Andrx represented that it had filed an ANDA for a generic version of Cardizem® LA 420 mg tablets, and that it sought approval of its ANDA prior to the expiration of the '791 patent. Biovail received a copy of Andrx's notice letter on or about June 27, 2005.

16. On August 10, 2005, within 45 days of receipt of Andrx's June 22, 2005 notice letter, Biovail brought suit against Andrx in this Court for infringement under 35 U.S.C. § 271(e).

17. Upon information and belief, Andrx filed in the FDA an amendment to ANDA No. 77-686 including a certification with respect to the '791 patent under § 505(j)(2)(B)(ii) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355), seeking approval to market and sell generic versions of Cardizem® LA 120, 180, 240, 300, and 360 mg tablets prior to the expiration of that patent.

18. Upon information and belief, on or about August 30, 2005, Andrx sent a notice letter to Biovail, Galephar, and to Bank of Nova Scotia in which Andrx represented that it had filed an amendment to ANDA No. 77-686 for generic versions of Cardizem® LA 120, 180, 240, 300, and 360 mg tablets ("Amended ANDA"), and that it sought approval of its Amended ANDA prior to the expiration of the '791 patent. Biovail received a copy of Andrx's notice letter on or about September 2, 2005.

19. Upon information and belief, the Andrx products that are the subjects of its amendment to ANDA No. 77-686 will contain beads that will be compressed with other excipients into tablets. On further information and belief, by virtue of the tableting process, beads of the Andrx products will contain an effective amount of a wetting agent in admixture with one or more diltiazem salts.

20. Because Andrx seeks approval of its Amended ANDA to engage in the commercial manufacture, use or sale of a drug product claimed in the '791 patent before its expiration, Andrx has committed an act of infringement pursuant to 35 U.S.C. § 271(e)(2)(A).

21. Biovail is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Andrx's Amended ANDA be a date that is not earlier than the expiration date for the '791 patent,

or any later expiration of exclusivity for the '791 patent to which Biovail is or becomes entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment that:

a. Andrx infringed one or more claims of the '791 patent by submitting the aforesaid Amended ANDA;

b. A permanent injunction be issued, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Andrx, its affiliates and subsidiaries, and their officers, agents, attorneys and employees, and those acting in privity or concert with them, and their successors or assigns, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of compounds claimed in the '791 patent;

c. An order be issued pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of Andrx's Amended ANDA No. 77-686 be a date that is not earlier than the expiration date for the '791 patent, or any later date of exclusivity to which Plaintiff is or becomes entitled;

d. To the extent Andrx has committed any acts with respect to the compounds claimed in the '791 patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), Plaintiff be awarded damages for such acts; and

e. For such other and further relief as the Court may deem just and proper under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Plaintiff
Biovail Laboratories International SRL

Of Counsel:

Joseph M. O'Malley, Jr.
Dominick A. Conde
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112
(212) 218-2100

October 14, 2005

Exhibit A

US005529791A

# United States Patent [19]

Deboeck et al.

[11] Patent Number: 5,529,791

[45] Date of Patent: Jun. 25, 1996

[54] EXTENDED RELEASE FORM OF DILTIAZEM

[75] Inventors: Arthur M. Deboeck, Gurabo, Puerto Rico; Philippe R. Baudier, Waterloo, Belgium

[73] Assignee: Galephar P.R., Inc., Ltd., Carolina, Puerto Rico

[21] Appl. No.: 311,722

[22] Filed: Sep. 23, 1994

Related U.S. Application Data

[63] Continuation of Ser. No. 68,551, May 28, 1993, abandoned, which is a continuation of Ser. No. 721,396, Jun. 25, 1991, Pat. No. 5,288,505.

[51] Int. Cl.[6] ........ A61K 9/16; A61K 9/58; A61K 9/62

[52] U.S. Cl. ........ 424/494; 424/490; 424/497; 514/777; 514/785; 514/786; 514/970

[58] Field of Search ........ 424/457, 458, 424/462, 490, 493, 497, 498, 499, 494

[56] References Cited

U.S. PATENT DOCUMENTS

5,112,621 5/1992 Stevens et al. ........ 424/497
5,275,824 1/1994 Carli et al. ........ 424/490

*Primary Examiner*—Thurman K. Page
*Assistant Examiner*—James M. Spear
*Attorney, Agent, or Firm*—Oblon, Spivak, McClelland, Maier & Neustadt

[57] ABSTRACT

An extended-release galenical form of Diltiazem or a pharmaceutically acceptable salt thereof, which comprises beads containing said Diltiazem or a pharmaceutically acceptable salt thereof as an active ingredient and a wetting agent, said beads being coated with a microporous membrane comprising at least a water-soluble or water-dispersible polymer or copolymer and a pharmaceutically acceptable adjuvant.

4 Claims, 2 Drawing Sheets



U.S. Patent



1

# EXTENDED RELEASE FORM OF DILTIAZEM

is a continuation of application ...

Jun. 26, 1991, now U.S. Pat. No. 5,288,505.

BACKGROUND OF THE INVENTION

of Diltiazem, a process for the manufacture thereof and pharmaceutical compositions containing the same.

2. Description of the Background

... hypertension; either alone or in combination with other medications.

Although the mechanism for calcium channel blocking is ...

... ing intracellular calcium concentration in cardiac and vascular smooth muscle cells, coronary arteries, peripheral arteries and arterioles are dilated and heart rate may be ...

... or plasma concentration.

For illnesses which require continuous and constant control, such as hypertension and angina pectoris, Diltiazem ...

... annoying or even impossible to effect, particularly during the night. Further, after each administration of an immediate-release galenic form of Diltiazem, which generally is ...

... organ, more particularly the heart, are alternatively subjected to overdoses and to underdoses of medicine.

In order to alleviate these drawbacks, a first galenic form ...

Although this form affords a reduction in peak concentration and in the number of daily intakes from 4 to 2, it does not eliminate high Diltiazem blood concentration between successive medication intakes. Hence, the patient is still obliged ...

... 200 layers so as to obtain a core which, thereafter, requires between 20 and 40 layers of coating so as to obtain the membrane. Moreover, the solvent of the polymer solution ...

... flammability and toxicity. Such solvents are also environmentally hazardous. Particular care must be taken to avoid any traces of solvent in the final product because these ...

2

Thus, a need continues to exist for a multiple unit extended-release diltiazem hydrochloride galenical form which need be administered only once daily, and from which ...

SUMMARY OF THE INVENTION

It is also an object of this invention to provide galenic forms of Diltiazem having excellent bioavailability while avoiding plasmatic concentration peaks.

... acceptable salt of Diltiazem, which comprises beads containing the pharmaceutically acceptable salt of Diltiazem as an active ingredient and a wetting agent, said beads being ...

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 illustrates the effect of the present invention in ...

... tional product after the 8th day of administration twice daily.

FIG. 2 illustrates in the solid curve, the mean plasma levels obtained when the product of the present invention is ...

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

Diltiazem or (2S-cis)-3-(Acetyloxy)-5-[2-(dimethylami...

... corresponding to U.S. Pat. No. 3,562,257.

The present invention relates to novel galenic forms of Diltiazem being characterized by having an extended-re...

... iazem plasmatic concentrations in a desired, effective range while simplifying the administration of the medicine to only once daily.

... a pharmaceutically acceptable salt of Diltiazem as an active substance, associated with at least a wetting agent, the beads being covered with a microporous membrane constituted by ...

... acceptable adjuvant.

In accordance with the present invention, any pharmaceutically acceptable salt of Diltiazem may be prepared in

In more detail, the microporous membrane whereof the Diltiazem containing microgranules are covered, is constituted by a mixture of a water-soluble and/or water-dispers-

The active substance containing beads are presented in form of spherules the diameter of which is between about 0.05 mm and 3 mm, preferably between about 0.1 mm and

more particularly be exemplified:

saccharose, mannitol, sorbitol;

under the name of sucroesters (Gattefosse, France) or under the name of crodesters (Croda, U.K.);

sorbitan fatty acid esters (Span, Atlas, U.S.A.);

polyglycides-glycerides and polyglycides-alcohols esters

Microcrystalline celluloses, such as Avicel products (FMC, U.S.A); methylcelluloses, carboxymethylcelluloses, hydroxyethylcelluloses (Natrosol, Hercules, U.S.A.),

polymers or copolymers constituting the microporous membrane, may be mentioned particularly polyacrylates and polymethacrylates of the Eudragit type, such as Eudragit

hydroxypropylmethylcellulose and their derivations.

These polymers or copolymers may be associated into the microporous membrane with at least one adjuvant as exem-

polypropyleneglycols and polyvinylpyrrolidone;

pigments, such as iron oxides and titanium oxide;

derived from sorbitol possibly containing polyoxyethylenic chains, preferably surfactive agents of the Tween type,

In addition to the polymer or copolymer, the microporous membrane contains, preferably, talc and/or magnesium stearate as a lubricant, polyvinylpyrrolidone as a plastifying

expressed by the percentage of the coating applied to the uncoated beads.

The weight of the microporous membrane may be 2 to

weight. The microporous membrane may contain 5 to 95% and, preferably, 30 to 90% of polymers, polymer mixture or copolymers.

such as the hydrochloride, and at least a wetting agent, coated with at least one polymer-based microporous membrane, the coated beads being contained in capsules, little

extended-release in the gastro-intestinal tractus, and process entailing preparing beads and coating the same with a single microporous membrane.

solution, in the presence of a solvent, such as water, so as to obtain an extrudable paste or plastic mass. Said paste is

microspheres or beads from the extruded product provided in the form of spaghetti, an apparatus called "spheronizer"

agglomeration of the Diltiazem or salt thereof, such as the chlorohydrate, contingently mixed to at least a wetting agent, with a dispersion or solution of at least one wetting

etary granulator such as the collette (Belgium) type.

The obtained beads are dried by any means, for example in an oven or by means of a gas in a fluidized bed.

means of anyone of the above described techniques, may contain the following weight proportions of the Diltiazem or salt thereof, wetting agents and carriers or excipients:

FMC, U.S.A.);

2 to 10% Methocel E 5 (hydroxypropylmethylcellulose of DOW, U.S.A.);

least one of the above-named polymers and at least one of the above-mentioned adjuvants onto said beads. This pul-

verization may be carried out by spray-gunning or by pulverizing the above-named dispersion into a turbine or fluidized bed.

In general, from about 120 mg to about 480 mg per day of Diltiazem salt is administered per day per patient in total.
Additionally, the extended release form composition of

with the Diltiazem salt.
For example, other pharmaceutically active ingredients, such as β-adrenoceptor blocking agents or diuretics may be

such as Propranolol, Atenolol, Labetalol, Pindolol or Sotalol may be used, for example.
As examples of diuretic agents, drugs such as Hydrochlorothiazide, Furosemide, Ethacrynic Acid or Chlorothiazide

not be.
The present invention will now be further illustrated by reference to certain examples which are provided solely for

starting form an aqueous dispersion which contains by weight:
10 to 70 Eudragit E30D (polymer)

0.5 to 15% polyvinylpyrrolidone (plastifying agent)
0.01 to 2% silicone oil (antifoaming agent);
0.05 to 5% polysorbate 80 (wetting agent)

EXAMPLES

The present invention will now be further illustrated by reference to certain examples, which are provided solely for

paring the same, therapeutic applications therefor and pharmacokinetic controls using the present galenic forms.

| | |
|---|---|
| Diltiazem hydrochloride | 1120 g |
| Lactose | 119 g |
| Microcrystalline cellulose (Avicel pH 101) | 140 g |
| Povidone k 30 | 22 g |

granulating same though the obtained plastic mass is extruded through a cylinder with 1 mm diameter holes (Alexanderwerk). The small cylinders are rounded, so as to

comprised between 0.7 mm and 1.4 mm are retained. 1,179 g of beads were obtained yield (84%).

| | |
|---|---|
| Cradexta F 160 | 39.5 g |
| Microcrystalline cellulose (Avicel pH 101) | 70 g |
| Povidone k 30 | 103 g |

ml water USP is added and the mixing is pursued during 10 minutes more until a plastic mass is obtained. This mass is then extruded through a Fuji Paudal extruder equipped with

at 60° C. the beads are sieved so as to eliminate the ones with a size larger than 1.4 mm and with a size smaller than 0.7 mm. The amount of beads obtained with size comprised

Beads prepared in Example 1 were coated in a STREA-1 (Aeromatic) fluidized bed using the "Top spraying" technic.

Coating suspension composition:

| | |
|---|---|
| Magnesium stearate | 12.5 g |
| water | 538.0 g |
| Simethicone | 1.0 g |
| Tween 80 | 0.8 g |

ml dissolution medium consisted of a phosphate buffer pH 5.8 and the revolution speed 100 rpm.

| | |
|---|---|
| 8 | 62 |
| 12 | 84 |

The beads as in Example 2 were coated using a fluidized bed coater equipped with a "wurster" system. 8 kg of uncoated beads were introduced in an Automatic Aerocoater and 2.771 kg of the following coating suspension was applied

Coating suspension:

| | |
|---|---|
| Magnesium stearate | 0.636 kg |

| | |
|---|---|
| Hydroxypropylmethylcellulose | [illegible] kg |
| Polysorbate 80 NF | 0.007 kg |
| Simethicone emulsion | 0.018 kg |
| Eudragit NE 30 D | 12.4 kg |

The results were obtained using the same equipment as in Example 3. The dissolution medium was composed of 900 ml of water and the temperature was maintained of 37±0.5°

| elapsed time (h) | percent dissolved (%) |
|---|---|
| 2 | 9 |
| 4 | 33 |

Pharmacokinetical results

The new galenic form of Example 4 was the object of a pharmacokinetical study in comparison with a form in

the 2 products. The product of Example 4 was administered at a dose of 300 mg once daily while the product on the market was administered twice daily at a dose of 150 mg

withdrawn after the Cardizem SR® administration. Diltiazem plasma levels were assayed using a specific high pressure liquid chromatographic method. FIG. 1 shows the

below.

FIG. 1

| | | | |
|---|---|---|---|
| Area under the curve (0–24 h) | ng.h/ml | 2782 ± 1037 | 2864 ± 1222 |
| Maximal | ng/ml | 116.5 ± 54.1 | 191.7 ± 85.5 |
| Time during the concentration is above 75% of the maximum | h | 9.8 ± 2.3 | 6.7 ± 3.7 |

First, FIG. 1 shows that the Diltiazem plasma levels obtained after a once daily administration of one of the

Second, the bioavailability, expressed by the areas under the curve of the 2 products, is equivalent (no statistical detectable difference).

Cardizem SR® after a twice daily administration.

Fourth, the time during the concentration is above 75% of the maximum concentration is 46% longer after the once

The product of Example 4 was given to 24 healthy volunteers and the bioavailability was measured after single oral dose of 300 mg given with and without food.

experiment was repeated in the same subjects with the other treatment at an interval of 7 days. The plasma concentration of Diltiazem was determined in all available samples using

ences and assessment of bioequivalence. FIG. 2 curves shows the mean plasma levels obtained when the product is taken without food and the dotted curve the mean plasma

Pharmacokinetics parameter - product of Example 4

| | | Fasting | Food |
|---|---|---|---|
| mean residence time | [illegible] | [illegible] | [illegible] |
| $K_e$ | $h^{-1}$ | 0.283 ± 0.034 | 0.300 ± 0.027 |
| Maximum | ng/ml | 100 ± 4.8 | 112 ± 5.9 |

Example 4 given with food is bioequivalent to the administration without food to within less than 20% regarding area under the curve, mean residence time and maximum con-

From all the results it appears clearly that the product of the present invention can be administered once a day and that the plasma concentration variations are lower than the

apparent to one skilled in the art that many changes and modifications may be made to the above-described embodiments while remaining within the spirit and the scope of the present invention.

1. An extended-release galenical composition of one or more pharmaceutically-acceptable salts of Diltiazem which comprises beads containing an effective amount of one or

Diltiazem in each bead, ensuring that the solubility of the Diltiazem is unaffected by the pH of the gastrointestinal tract

or other adverse conditions which the composition will meet therein, said beads being coated with a microporous membrane comprising at least a water-soluble or water-dispers-

and wherein the wetting agent is selected from the group consisting of sugars, $C_{12}$-$C_{20}$ fatty acid esters of sucrose or xylose, glycerides of sucrose, fatty acid

ide-polyglycides, lecithins and a combination thereof.

2. The composition of claim 1, wherein the wetting agent is a sugar.

3. The composition of claim 1, wherein the effective

4. The composition of claim 1, wherein the wetting agent is sucrose stearate, the water-soluble or water-dispersible polymer or copolymer is hydroxypropylmethyl-cellulose

* * * * *

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados,

Plaintiff,

v.

ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION,

Defendants.

C.A. No. ___ 730

2005 OCT 14 PM 3:34

PLAINTIFF'S RULE 7.1. DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1(a), the undersigned counsel for Biovail Laboratories International SRL, which is a non-governmental corporate party, certifies that Biovail Laboratories International SRL is a wholly-owned subsidiary of Biovail Corporation and there is no publicly held corporation that owns 10% or more of the stock of Biovail Corporation.

MORRIS, NICHOLS, ARSHT & TUNNELL

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Plaintiff
Biovail Laboratories International SRL

Of Counsel:

Joseph M. O'Malley, Jr.
Dominick A. Conde
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112
(212) 218-2100


October 14, 2005

AO 85 (Rev 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

______________________ District of ______________________

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Case Number: (5-730-

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to ______________________ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

______________ Date

______________________ United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.



CSC.
CORPORATION SERVICE COMPANY

CXT / ALL
Transmittal Number: 4206236
Date Processed: 10/18/2005

# Notice of Service of Process

Primary Contact: Rob Goldfarb Esq.
Andrx Corporation
8151 Peters Road
Floor 4th
Plantation, FL 33324

Copy of transmittal only sent to: Ms. Karina de Windt

| | |
|---|---|
| Entity: | Andrx Corporation<br>Entity ID Number 1980756 |
| Entity Served: | Andrx Corporation |
| Title of Action: | Biovail Laboratories International SRL vs. Andrx Pharmaceuticals, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Trademark / Copyright / Patent |
| Court: | United States District Court , Delaware |
| Case Number: | 05-730 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 10/18/2005 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Jack B. Blumenfeld<br>302-658-9200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF DELAWARE

BIOVAIL LABORATORIES INTERNATIONAL SRL

Plaintiff,

v.

ANDRX PHARMACEUTICALS, LLC. and ANDRX CORPORATION,

Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: [illegible] 7 [illegible]

TO: Andrx Corporation
c/o Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY:

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899-1347

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO
CLERK

10-14-05
DATE

[signature]
BY DEPUTY CLERK

AO 440 (REV. 10/93) Summons In a Civil Action

## RETURN OF SERVICE

| Service of the Summons and amended complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ______

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with person of suitable age and direction then residing therein.
Name of person with whom the summons and complaint were left: ______

☐ Returned unexecuted: ______

☐ Other (specify): ______

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______ *Date* ______ *Signature of Server*

______ *Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure