# EXHIBIT B

## FITZPATRICK, CELLA, HARPER & SCINTO
### 30 ROCKEFELLER PLAZA
### NEW YORK, NY 10112-3800
### 212-218-2100
FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1110
(202) 530-1010
FACSIMILE (202) 530-1055

CALIFORNIA OFFICE
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9823

PRESTON K. RATLIFF II
DIRECT DIAL (212) 218-2506
E-MAIL pratliff@fchs.com

November 29, 2005

VIA FACSIMILE

Steven A. Maddox, Esq.
Foley & Lardner LLP
3000 K Street, N.W.
Suite 500
Washington, DC 20007-5143

Re: *Biovail v. Andrx Pharmaceuticals LLC et al.*,
Civil Action No. 1:05-cv-586 (KAJ)

Dear Mr. Maddox:

This is in response to Andrx's November 23, 2005 letter regarding Biovail's November 4, 2005 discovery proposal and November 21, 2005 initial disclosure statement.

First, as requested, Biovail will copy Martin Endres and Herschel Sparks on its letters. In this regard, Biovail notes that Andrx has not copied Biovail's local counsel Jack Blumenfeld on its letters. Please copy Mr. Blumenfeld on all future correspondence.

Second, regarding discovery from the prior litigation, Civil Action No. 98-Civ-7096 (S.D. Fla.), Biovail will identify the documents that it produced by Bates number provided that Andrx agrees to do the same for the documents that it produced. As for Andrx's request for a "complete list of all depositions of Biovail and third parties taken in the prior litigation," Andrx was the sole defendant in that litigation, and accordingly there is no one better than Andrx itself to identify what depositions it took of Biovail and of third parties. To the extent that Biovail took third party depositions, it will identify them provided that Andrx agrees to do the same for the third party depositions it took.

Third, Biovail understands that Andrx has accepted its proposal to provide samples and responsive documents by December 30, 2005. Please, however, confirm as requested previously in Biovail's November 10, 2005 letter that Andrx's production by that date will include its samples and documents for all proposed strengths of generic Cardizem LA, including those strengths that are the subjects of Civil Action No. 05-730. Please also

Steven A. Maddox, Esq.
November 29, 2005
Page 2

let Biovail know whether Andrx will agree to a stipulation consolidating the two cases. Note that at this point, Biovail does not necessarily agree that the two cases can be consolidated under the existing schedule. Certainly, if Andrx does not agree to provide discovery on all of its proposed strengths, including samples, by December 30, 2005, Biovail does not believe it will be possible to consolidate the cases without an appropriate extension of the schedule.

Fourth, Biovail disagrees with Andrx's characterization of its initial disclosures as "manifestly inadequate as to amount to a willful violation of the Federal Rules." Biovail's initial disclosures are in full compliance with Federal Civil Procedure Rule 26 as they identify the persons and documents, as presently advised, that Biovail may use to support its claims and defenses. Biovail's claim is for infringement. None of the persons listed in Andrx's letter will have any discoverable information regarding whether Andrx's formulation meets the claims of the '791 patent. That claim, as Andrx knows, will be decided based on information in Andrx's possession, including Andrx documents and samples. If Andrx has contrary authority, please let Biovail know and Biovail will consider it. Biovail also notes that many of the persons Andrx seeks identification of relate not to any claim of Biovail, or any articulated defense of Andrx, but relate only to secondary considerations of nonobviousness. Andrx's notice letter asserted only non-infringement and *res judicata*, and because no obviousness defense has been raised in this case (boilerplate aside), there would have been absolutely no reason to identify any such persons in Biovail's initial disclosures. If Andrx fully articulates and supports a *prima facie* obviousness position in response to Biovail's interrogatories to be served this week, Biovail will, to the extent it chooses to rely on them, identify its proofs of secondary considerations in response to an appropriate Andrx interrogatory requesting such information.

Fifth, Biovail will return the samples that Andrx provided on October 4, 2005 if Andrx agrees that it will provide Biovail new samples for all of its proposed strengths by December 30, 2005.

Finally, Biovail expects to provide Andrx a draft protective order by the end of the week.

Very truly yours,

Preston K. Ratliff II

cc:   Jack B. Blumenfeld, Esq.
      William J. Cattie, III, Esq.
      Martin P. Endres, Esq.
      Herschel Sparks, Esq.

11/29/2005 12:59 FAX  1 212 218 2200      FITZPATRICK N.Y.                                  ☒001

# FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
(212) 218-2100

Facsimile: (212) 218-2200

## FACSIMILE COVER SHEET

| TO: | Steven Maddox, Esq.<br>Foley & Lardner, LLP |
|---|---|
| FROM: | Preston K. Ratliff II, Esq. |
| RE: | *Biovail v. Andrx Pharmaceuticals LLC et al.*,<br>Civil Action No. 1:05-cv-586 |
| FAX NO.: | 202-672-5399 |
| DATE: | November 29, 2005   NO. OF PAGES: 3 *(including cover page)* |
| TIME: | SENT BY: |

### MESSAGE

IF YOU DO NOT RECEIVE ALL THE PAGES
PLEASE CALL 212-218-2100 AS SOON AS POSSIBLE.

Note: We are transmitting from a Canon Model FAX-L770
(compatible with any Group I, Group II or Group III machine).

THIS FACSIMILE MESSAGE AND ACCOMPANYING DOCUMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE INDICATED ABOVE. INFORMATION THAT IS PRIVILEGED OR OTHERWISE CONFIDENTIAL MAY BE CONTAINED THEREIN. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, REVIEW OR USE OF THIS MESSAGE, DOCUMENTS OR INFORMATION CONTAINED THEREIN IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE OR FACSIMILE AND MAIL THE ORIGINAL TO US AT THE ABOVE ADDRESS. THANK YOU.