IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL<br>A corporation of Barbados,<br><br>      Plaintiff,<br>    v.<br><br>ANDRX PHARMACEUTICALS, LLC and<br>ANDRX CORPORATION,<br><br>      Defendants. | Civil Action No. 05-586<br>(KAJ) |

## NOTICE OF DEPOSITION OF ARTHUR M. DEBOECK

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Andrx Pharmaceuticals, LLC will take the deposition upon oral examination of Arthur M. Deboeck on January 27, 2006, at the offices of Schuster Usera & Aguiló LLP, 225 Ponce de León Ave. – Suite 400 MCS Plaza, Hato Rey, PR 00918, beginning at 9:00 am. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose allowed under the orders of the presiding Court and the Federal Rules of Civil Procedure, and will be taken before an officer, notary public or other person authorized to administer oaths. Some or all of the deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

**RAWLE & HENDERSON, LLP**

/s/ William J. Cattie, III
William J. Cattie, III, Esq.
I. D. No. 953
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
(302) 778-1200
Attorney for Defendant
ANDRX PHARMACEUTICALS, LLC
ANDRX CORPORATION

OF COUNSEL:
Martin P. Endres, Esq.
**HEDMAN & COSTIGAN, P. C.**
1185 Avenue of the Americas
New York, New York 10036

Steven Maddox, Esq.
**FOLLEY & LARDNER, LLP**
3000 K Street, N. W., Suite 500
Washington, D. C. 20007

## Attachment A

### DEFINITIONS AND INSTRUCTIONS

1.  The term "You" and "Your" shall refer to Arthur M. Deboeck.

2.  The term "Galephar" shall refer to Galephar P.R., Inc., Ltd. and its present and former offices, officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf, as well as its current and former parent entities, subsidiaries, divisions, and affiliates.

3.  The term "Biovail" shall refer to Biovail Laboratories International, SRL and its present and former offices, officers, directors, employees, agents, representatives, consultants, attorneys, and others acting or purporting to act on its behalf, as well as its current and former parent entities, subsidiaries, divisions, and affiliates.

4.  The term "Subsidiary" means a business enterprise, the operations of which are subject to Your control, collectively or individually, through whole or partial ownership.

5.  The term "Affiliate" means a company effectively controlled by another but associated with You, collectively or individually, under common ownership or control, whether direct or indirect.

6.  The term "Andrx" shall refer to Andrx Pharmaceuticals, LLC and Andrx Corporation.

7.  The term "'791 patent" shall mean United States Patent No. 5,529,791, including any patent in the lineage of United States Patent No. 5,529,791 including but not limited to any parent application or patent such as United States Patent No. 5,288,505 and any application, continuation, continuation-in-part, reissue or reexamination of United States Patent No. 5,529,791.

8. The term "FDA" shall mean the United States Food and Drug Administration.

9. "'791 patent related product" shall mean any product (whether or not approved by the FDA) that practices the invention(s) disclosed or claimed in the '791 patent or any parent application or patent, regardless of whether the product is sold inside or outside of the United States.

10. The term "communication" or "communications" or "correspondence" means any transfer or exchange between two or more persons or entities of any information whether by written, or, electronic or other means, including, but not limited to, personal conversations, correspondence, electronic mail, telephone calls, facsimile communications, or telegrams.

11. "Entity" means any domestic or foreign, public or private corporation, partnership, association or proprietorship, joint venture, subsidiary, parent division, department, branch affiliate, and any other organization or operating unit.

12. "Identify," when used with respect to any legal entity, such as a corporation, company, or person other than a natural person, means that the following information shall be provided: the entity's name; the place of incorporation or organization; the principal place of business; the nature of the business conducted by that legal entity; type of document; general subject matter; date of the document; author(s); addressee(s); and recipient(s).

13. The terms "thing" or "things" are used in the broadest sense contemplated by the Federal Rules of Civil Procedure, and include, without limitation, any tangible item other than a document.

14. "Prior art" is used here in the same sense that it is used in 35 U.S.C. § 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event defined in 35 U.S.C. § 102, taken singularly or in combination.

WASH_1511164.1

15. The term "marketing" means any act to promote, sell, or offer to sell a product or service.

16. The term "advertising" means any act to bring to the attention of another a product or service.

17. The term "distribution" means an act or system of dispersing a product or good throughout one or more geographical areas.

18. "Referring or relating to" includes the following: pertaining to, concerning, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, or having any logical or factual connection with the subject matter in question.

19. Use of the singular also includes the plural and vice-versa.

20. "And" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

21. "Any" and "all" shall be construed to include "each and every."

22. The terms "known" and "knowledge" shall include information which has been or can be obtained by any means whether the information has been discovered, the information is possessed or the information is otherwise available. These requests are directed to all information known to You and within Your knowledge.

23. The term "PTO" means the United States Patent and Trademark Office.

24. If documents are identified in lieu of answering the information, furnish the following information regarding each document:

    a    the title, date, and number of pages comprising the document;

      b.    the general subject matter of the document; and

      c.    the name and titles of the author, address(es), recipient(s) and copyholder(s) of the documents and copies thereof.

25.    If any requested document cannot be produced in full, produce the remainder and state whatever information, knowledge or belief You have relating to the unproduced portion and the reason that the portion cannot be produced.

26.    If you do not answer a request, or any part thereof, because of a claim of privilege or immunity, expressly set forth the specific privilege or immunity claimed, and describe the documents, communications, or things not produced or disclosed in a manner that would enable Andrx to assess the applicability of the privilege, including the following:

      a.    the nature and subject matter of the document, communication, or thing;

      b.    the date the document, communication, or thing was acquired or came into existence;

      c.    the author;

      d.    all addresses, recipients, copyholders and other distributees;

      e.    the organization, if any, with which each author, addressee, recipient, copyholder or distributee was then connected to and his or her job title or description; and

      f.    if a document, the number of pages.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All documents that refer or relate to the '791 or any parent application or patent.

### REQUEST NO. 2:

All documents that refer or relate to the prosecution of the '791 patent or any parent

application or patent.

**REQUEST NO. 3:**

All patents that issued from any of the applications that led to the '791 patent or any parent patents.

**REQUEST NO. 4:**

All documents referring or relating to any PCT application or foreign patents and foreign patent applications that correspond to the subject matter disclosed in the '791 patent or any parent application or patent, including, but not limited to, any PCT application, or foreign patent or foreign patent application that claims priority to the '791 patent or any parent application or patent.

**REQUEST NO. 5:**

All documents and things relating to the invention, design, conception, development, and reduction to practice of each of the alleged inventions that are the subject matter disclosed and claimed in the '791 patent or any parent application or patent, including but not limited to inventor notebooks, invention disclosures, notes, memoranda, correspondence, records or meetings, drawings, schematics, photographs, models, and working embodiments.

**REQUEST NO. 6:**

All documents and things referring to, relating to, or evidencing the dates of invention, design, conception, development, and reduction to practice of each of the alleged inventions that are the subject matter disclosed and claimed in the '791 patent or any parent application or patent, including but not limited to inventor notebooks, invention disclosures, notes, memoranda, correspondence, records or meetings, drawings, schematics, photographs, models, and working embodiments.

**REQUEST NO. 7:**

All documents and things referring or relating to the inventorship of the alleged inventions that are the subject matter of the '791 patent or any parent application or patent, including but not limited to documents that refer to or relate to the contribution of any individuals to said alleged inventions or any discussion or decision regarding the naming of such individuals as inventors.

**REQUEST NO. 8:**

Any and all documents and things used, consulted, considered, or relied on by the You or Philippe R. Baudier during the development, testing, or analysis of the subject matter disclosed and claimed in the '791 patent or any parent application or patent, including but not limited to inventor notebooks, invention disclosures, notes, memoranda, correspondence, records or meetings, drawings, schematics, photographs, models, and working embodiments.

**REQUEST NO. 9:**

All documents that refer or relate to the research and development of any '791 patent related product or any product (whether or not approved by the FDA) that practices the invention(s) disclosed or claimed in or any parent application or patent of the '791 patent.

**REQUEST NO. 10:**

All documents that refer or relate to the formulation of any '791 patent related product or any product (whether or not approved by the FDA) that practices the invention(s) disclosed or claimed in or any parent application or patent of the '791 patent.

**REQUEST NO. 11:**

All documents that refer or relate to the testing of any '791 patent related product or any product (whether or not approved by the FDA) that practices the invention(s) disclosed or

claimed in or any parent application or patent of the '791 patent or any parent application or patent, including, but not limited to, documents sufficient to show test results.

**REQUEST NO. 12:**

All documents that refer or relate to any clinical studies that involve subject matter claimed or disclosed in the '791 patent or any parent application or patent.

**REQUEST NO. 13:**

For each '791 patent related product or product (whether or not approved by the FDA) that practices the invention(s) disclosed or claimed in or any parent application or patent of the '791 patent, documents sufficient to show the first or earliest date for which the product was sold or offered for sale.

**REQUEST NO. 14:**

For each '791 patent related product or product (whether or not approved by the FDA) that practices the invention(s) disclosed or claimed in or any parent application or patent of the '791 patent, all documents that refer or relate to any efforts to obtain FDA regulatory approval in the United States and in any foreign country.

**REQUEST NO. 15:**

Documents sufficient to describe any financial benefits awarded to You for Your contribution to any subject matter claimed or disclosed in the '791 patent or any parent application or patent.

**REQUEST NO. 16:**

All documents that refer or relate to Andrx or any of its parents, subsidiaries or affiliated companies.

**REQUEST NO. 17:**

All documents that refer or relate to any Andrx product or proposed product that includes diltiazem hydrochloride.

**REQUEST NO. 18:**

All licenses referring or relating to the '791 patent or any parent application or patent.

**REQUEST NO. 19:**

All agreements, other than licenses, that refer or relate to the '791 patent or any parent application or patent including, but not limited to, assignments.

**REQUEST NO. 20:**

All documents and things that refer or relate to any due diligence in the licensing of the '791 patent or any parent application or patent.

**REQUEST NO. 21:**

All documents that refer or relate to Biovail in connection with the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 22:**

Each and every document which refers to, supports or reflects Your understanding of the terms "wetting agent," "surfactant" and "admixture" as You understand those terms to be used in the '791 patent, or any parent application or patent or more generally.

**REQUEST NO. 23:**

For each claim in the '791 patent or any parent application or patent, each and every document which refutes Your understanding of the terms in Request No. 23.

**REQUEST NO. 24:**

To the extent You have ever contended that the claimed inventions of the '791 patent or

any parent application or patent are nonobvious in light of commercial success, unexpected results, or any other secondary consideration, produce all documents referring or relating to commercial success, unexpected results, or any other secondary considerations, or any other document that supports or refutes Your contention.

**REQUEST NO. 25:**

All documents concerning the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 26:**

All documents concerning any evaluation or study of the subject matter disclosed or claimed in the '791 patent or any parent application or patent by or on behalf of Galephar, including, but not limited to, opinions concerning infringement, non-infringement, validity, invalidity, enforceability, unenforceability, and inequitable conduct.

**REQUEST NO. 27:**

All documents dated or published prior to September 23, 1994 which depict or relate to any aspect or feature of the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 28:**

All documents concerning any claim or contention made by any person challenging the validity of any claim of the '791 patent or any parent application or patent.

**REQUEST NO. 29:**

All documents concerning any claim or contention made by any person or entity challenging the enforceability of the '791 patent or any parent application or patent.

**REQUEST NO. 30:**

All documents concerning any claim or contention made by any person or entity challenging infringement of the '791 patent or any parent application or patent.

**REQUEST NO. 31:**

All documents concerning the first use of any kind of the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 32:**

All documents concerning the first experimental use of any kind of the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 33:**

All documents and things relating or referring to the first disclosure of each invention disclosed or claimed in the '791 patent or any parent application or patent to any person or entity.

**REQUEST NO. 34:**

All documents concerning any communication with the FDA regarding any subject matter disclosed in the '791 patent or any parent application or patent.

**REQUEST NO. 35:**

All documents constituting, referring, or relating to any New Drug Application ("NDA") submitted to the FDA concerning the use of any '791 patent related product or product (whether or not approved by the FDA) that practices the invention(s) disclosed or claimed in or any parent application or patent of the '791 patent for any indication.

**REQUEST NO. 36:**

Any and all documents referring or relating to any United States or foreign patent or patent application where You are listed as a named inventor and where the claimed invention

relates to the subject matter disclosed in the '791 patent or any parent application or patent, including, but not limited to, inventor note books, invention disclosures, notes, memoranda, correspondence, records or meetings, drawings, schematics, photographs, models, and working embodiments.

**REQUEST NO. 37:**

Any and all documents referring or relating to any United States or foreign patent or patent application where Philippe R. Baudier is listed as a named inventor and where the claimed invention relates to the subject matter disclosed in the '791 patent or any parent application or patent, including, but not limited to, inventor note books, invention disclosures, notes, memoranda, correspondence, records or meetings, drawings, schematics, photographs, models, and working embodiments.

**REQUEST NO. 38:**

Documents, including correspondence, sufficient to identify all outside counsel, agents, or representatives who have assisted in the preparation, prosecution, licensing or cross-licensing, or enforcement of any United States or foreign patent or patent application where the claimed invention relates to the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 39:**

Any and all documents referring and relating to the research and development which led to the alleged subject matter claimed in the '791 patent or any United States or foreign patent or United States or foreign application filed by or on behalf of You or Galephar which relate to the subject matter disclosed in the '791 patent or any parent application or patent.

**REQUEST NO. 40:**

Documents referring or relating to any formulation of any compound or device that relates in any way to the subject matter disclosed or claimed in the '791 patent or any parent application or patent.

**REQUEST NO. 41:**

Any scientific or trade article(s) that You have authored on any subject related to diltiazem hydrochloride.

**REQUEST NO. 42:**

All documents describing Your procedures, policies, practices for generating, maintaining, and destroying records, including but not limited to any and all documents and things relating or referring to the '791 patent or any parent application or patent that have been destroyed or transferred to the possession of another person not subject to Galephar's direction or control.

**REQUEST NO. 43:**

To the extent not otherwise produced in response to the Requests herein, any and all documents and things relating or referring to communications between You and any third party referring or relating to the '791 patent or any parent application or patent, or enforcement of the '791 patent or any parent application or patent, including but not limited to any prospectus, news release, solicitation or brochure.

**REQUEST NO. 44:**

All documents or things You have contributed to any court, decision-maker or party in any case, conflict, opposition, interference, nullity or other proceeding involving the '791 patent or any parent application or patent.

**REQUEST NO. 45:**

All documents and things that You have contributed to any foreign or United States court, decision-maker or party in any case, conflict, opposition, nullity or infringement proceeding involving a United States or foreign patent or United States or foreign patent application that refers or relates to subject matter disclosed in the '791 patent or any parent application or patent.

**REQUEST NO. 46:**

All documents and things that You have provided in any case, conflict, opposition, interference, nullity or other proceeding involving a United States or foreign patent or United States or foreign patent application that refers or relates to subject matter disclosed in the '791 patent or any parent application or patent.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BIOVAIL LABORATORIES INTERNATIONAL SRL
a corporation of Barbados,

    Plaintiff,

    v.

ANDRX PHARMACEUTICALS, LLC and
ANDRX CORPORATION,

    Defendants.

C.A. 05-730

## CERTIFICATE OF SERVICE

I, William J. Cattie, III, Esq. do hereby certify that on December 27, 2005, I have E-filed through LEXIS NEXIS **NOTICE OF DEPOSITION OF ARTHUR M. DEBOECK** and served upon the following by postage-prepaid first-class mail:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 North market Street
P. O. Box 1347
Wilmington, DE 19899
(302) 658-9200

    **RAWLE & HENDERSON** LLP
    /s/ William J. Cattie, III
    William J. Cattie, III, Esq.
    I. D. No. 953
    300 Delaware Avenue, Suite 1015
    P. O. Box 588
    Wilmington, DE 19899-0588
    (302) 778-1200
    Attorney for Defendants