# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados, | ) ) ) ) | C.A. No. 05-586 (KAJ) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

**ANDRX'S RESPONSE TO BIOVAIL'S FIRST SET OF REQUESTS
FOR DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil

Rules 5.4 and 26.1 of the United States District Court for the District of Delaware,

Defendants Andrx Pharmaceuticals LLC and Andrx Corporation (collectively "Andrx"), by its

undersigned attorney, hereby respond to plaintiff Biovail Laboratories International SRL's

(herein "Biovail") First Set of Requests for Documents and Things to Defendant Andrx (Nos. 1 –

69).

**General Objections – Including Andrx's Objections to Biovail's Definitions and Instructions.**

1.    Andrx objects to each and every Request to the extent that it seeks information or documents subject to the attorney-client privilege or attorney work-product immunities. Andrx further objects to each and every Request to the extent that it seeks the disclosure of opinions, mental impressions, legal conclusions or legal theories of Andrx, Andrx's counselors or representatives or any documents prepared in anticipation of litigation or for trial.

2.    Andrx objects to each and every Request to the extent that it purports to oblige Andrx to perform a legal or other analysis to determine whether a documents supports or refutes any claim asserted by Biovail.

3.    Andrx objects to Biovail's Requests to the extent that Biovail seeks to require Andrx to provide any information beyond what is available to Andrx at present from a reasonable search of its own files at its principal offices and facilities, and from reasonable inquiry of its present employees, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome.

4.    Andrx objects to each and every Request to the extent that it is intended to impose duties upon Andrx, or seeks information or documents beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure.

5.    With respect to Andrx's objections, "and" and "or" shall be construed conjunctively or disjunctively to make Andrx's objection(s) inclusive rather than exclusive.

6.    Andrx objects to each and every Request to the extent it seeks information or documents that are not in Andrx's possession, custody or control and to the extent such Request purports to require Andrx to search for information not within its possession, custody or control.

7.    Andrx reserves its right to supplement its responses to Biovail's Requests as information, if any, comes into its possession, custody or control.

8.    Andrx objects to each and every Request to the extent that it is vague, ambiguous or overly broad.

9.    Andrx objects to each and every Request to the extent that it seeks information or documents containing or constituting trade secrets, confidential business or other proprietary information or information protected from disclosure by law, court order or agreement respecting confidentiality or non-disclosure.

10.    Andrx objects to each and every Request to the extent that it calls for the production of documents and things that were provided to Biovail in *Biovail Corp. Int'l. v. Andrx Pharms. Inc.*, 158 F.Supp.2d 1318 (S.D. Fla 2000) *aff'd* 239 F.3d 1297 (Fed. Cir. 2001) (the "Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent").

11.    Andrx objects to each and every Request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

12.    Andrx objects to each and every Request as improper on the grounds and to the extent that compliance would be unduly burdensome.  As used herein, "unduly burdensome" means that the Request requires an unreasonably extensive or expensive search for information and documents that are of little or no value to this lawsuit such that the burden and expense of obtaining the information or documents far outweighs the value of their production.

13.    Nothing in these responses shall be construed to waive rights or objections which otherwise might be available to Andrx, nor shall Andrx's answering of any of the Requests be

3

deemed an admission of relevancy, materiality or admissibility in evidence of the Request or of the responses thereto.

14.     A response that documents will be produced shall not be construed as a representation that such documents exist or existed.  Any such response indicates only that documents responsive to the Request, subject to the applicable objections, will be produced if any such documents are found after a reasonable search.

15.     An objection based on attorney-client privilege or the protection afforded by the attorney work-product doctrine shall not be construed as a representation that such information exists or existed.  Any such objection indicates only that the Request is of such a scope as to embrace subject matter protected by the attorney-client or work-product immunity.

16.     To the extent that Biovail's Requests seek information from, or the production of documents from, the internal work-product files or attorneys representing or advising Andrx, Andrx objects generally both to the production or the listing of such documents on a withheld document list.

17.     Since discovery is only beginning in this case, Andrx's responses to Biovail's Requests should not be deemed exhaustive.  The following responses reflect Andrx's present knowledge, information and belief and may be subject to change or modification based on Andrx's further discovery, or on facts or circumstances that may come to Andrx's knowledge or attention in the future.  Andrx reserves the right to include additional information that is obtained during yet to be conducted discovery or investigation.

18.     Andrx reserves the right to mask from production documents that are non-responsive, irrelevant or comprised of matter for which it may claim any privilege or immunity from discovery.

4

19.    Andrx objects to Biovail's definition of the term "document" as overbroad.

20.    Andrx objects to Biovail's definition of the term "defendant" as overbroad.

21.    Andrx objects to Biovail's definition of the term "diltiazem hydrochloride compositions" as overbroad.

22.    Andrx objects to Biovail's definition of the term "defendant's diltiazem hydrochloride composition(s)" as overbroad.

23.    Andrx objects to the term "prior art" as defined by Biovail to the extent that it is vague, ambiguous or calls for legal conclusions.

24.    Andrx objects to Instructions 1-8 as overbroad and seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure.

25.    All responses stated below are provided subject to and without waiving any of the objections stated above to the extent that specific General Objections are cited in response to specific Requests, those specific citations are provided because they are believed to be particularly applicable to the Request, and shall not be construed as a waiver of any other General Objections applicable to information falling within the scope of the Request. Similarly, the fact that Andrx chooses not to repeat each of the foregoing General Objections for each specific Request shall not waive any of the above-stated General Objections. By making the responses herein, Andrx does not concede that the information requested is relevant to this action or is reasonably calculated to lead to the discovery of admissible evidence. Andrx expressly reserves the right to object to further discovery into the subject matter of each and every Request and the introduction into evidence of any response or portion thereof, and to supplement its responses should further investigation disclose responsive information.

## RESPONSES TO BIOVAIL'S REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents and things relating to or concerning defendant's communications with the FDA relating to diltiazem hydrochloride compositions.

### RESPONSE TO REQUEST NO. 1:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it seeks information and documents that are subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and the General Objections, we will provide you with Andrx's communications to the FDA relating to ANDA No. 77-686 as amended.

### REQUEST NO. 2:

All documents and things relating to or concerning any consideration given by defendant of filing an ANDA for diltiazem hydrochloride compositions.

### RESPONSE TO REQUEST NO. 2:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to the extent that this Request calls for the production of materials subject to the attorney-client privilege or work-product immunity.

6

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect, describe or refer to its decision to file ANDA No. 77-686 as amended.

## REQUEST NO. 3:

All documents and things relating to or concerning defendant's decision to file an ANDA for diltiazem hydrochloride compositions, including but not limited to, Board of Director meeting minutes, business plans, etc.

## RESPONSE TO REQUEST NO. 3:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for the production of materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 2, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect, describe or refer to its decision to file ANDA No. 77-686 as amended.

## REQUEST NO. 4:

All documents and things relating to or concerning defendant's decision to file an amendment for additional dosage strengths to defendant's ANDA, including but not limited to, Board of Director meeting minutes, business plans, etc.

7

**RESPONSE TO REQUEST NO. 4**:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for the production of materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 2, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect, describe or refer to its decision to file ANDA No. 77-686 as amended.

**REQUEST NO. 5:**

All documents and things relating to or concerning defendant's ANDA.

**RESPONSE TO REQUEST NO. 5:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce ANDA No. 77-686 as amended.

**REQUEST NO. 6:**

All documents and things within defendant's ANDA.

**RESPONSE TO REQUEST NO. 6:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad, unintelligible and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and the General Objections, Andrx will produce ANDA No. 77-686 as amended.

**REQUEST NO. 7:**

All documents and things relating to or concerning the Paragraph IV certification notice letters of June 22, 2005 and August 30, 2005, including but not limited to, any drafts of these letters or any discussions of the substance, content, wording or format of the letters.

**RESPONSE TO REQUEST NO. 7:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it seeks information subject to the attorney-client privilege and work-product immunity. Andrx further objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx has already produced the letters of June 22, 2005 and August 30, 2005 to Biovail.

**REQUEST NO. 8:**

All documents and things relating to or concerning the timing, schedule, timetable or

9

approval of defendant's ANDA.

**RESPONSE TO REQUEST NO. 8:**

      In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 5, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

      Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer to, describe or reflect the timing of its ANDA No. 77-686 as amended.


**REQUEST NO. 9:**

      All documents and things relating to or concerning the timing, schedule, timetable or approval of defendant's letters of June 22, 2005 and August 30, 2005 to Biovail.

**RESPONSE TO REQUEST NO. 9:**

      In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 5, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx has already produced both letters.

**REQUEST NO. 10:**

All meeting minutes or notes describing discussions about diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 10:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce meeting minutes or notes that on their face describe or reflect discussions related to the diltiazem hydrochloride composition of ANDA No. 77-686 as amended.

**REQUEST NO. 11:**

All meeting minutes or notes describing or reflecting discussions about defendant's ANDA and the decision to file such ANDA, including but not limited to, the decision to file an amendment for additional dosage strengths to its ANDA.

**RESPONSE TO REQUEST NO. 11:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Andrx also objects to the

11

extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 2, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce meeting minutes or notes that on their face describe or reflect discussions related to ANDA No. 77-686 as amended.

## REQUEST NO. 12:

All documents and things relating to or concerning any consideration given by defendant to marketing diltiazem hydrochloride compositions.

## RESPONSE TO REQUEST NO. 12:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face describe or reflect any intended marketing of the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 13:**

All documents and things relating to stability studies or analyses relating to

defendant's diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 13:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and the General Objections, Andrx will produce stability studies

and analyses performed with respect to the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 14:**

All documents and things relating to defendant's contacts with any outside vendor or

consultant relating to the formulation of its diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 14:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the

extent that this Request calls for materials subject to the attorney-client privilege or work-

product immunity.

Subject to the foregoing and the General Objections, Andrx will produce documents that

on their face constitute or reflect communications with outside vendors and consultants regarding

the formulations proposed in ANDA No. 77-686 as amended.

13

**REQUEST NO. 15:**

All documents and things relating to defendant's contacts with any outside vendor or consultant relating to defendant's ANDA or the decision to file such ANDA.

**RESPONSE TO REQUEST NO. 15:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 2, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face constitute or reflect communications with outside vendors and consultants regarding the formulations proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 16:**

All documents and things relating to or concerning the past, current or projected market share or market potential of diltiazem hydrochloride compositions in the market for CCB, or the market for drug products for the treatment of hypertension or the management of chronic stable angina.

**RESPONSE TO REQUEST NO. 16:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

14

reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request No. 12, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face describe or reflect any intended marketing of the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 17:**

All documents and things relating to any contention that defendant's manufacture, use, and sale of its diltiazem hydrochloride composition will not infringe the '791 patent.

**RESPONSE TO REQUEST NO. 17:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Finally, Andrx objects to this Request because it calls for legal conclusions.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face describe the products proposed in ANDA No. 77-686 as amended, the '791 patent and the prosecution history of the '791 patent and materials relating to the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Andrx also reserves the right to supplement this response once plaintiff identifies the basis for the alleged infringement of the '791 patent.

15

**REQUEST NO. 18:**

All documents and things relating to or concerning any marketing survey or study relating to diltiazem hydrochloride compositions or any other CCB.

**RESPONSE TO REQUEST NO. 18:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request No. 12, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce sales and marketing surveys or studies regarding the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 19:**

All documents and things relating to or concerning defendant's diltiazem hydrochloride product(s).

**RESPONSE TO REQUEST NO. 19:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face relate to the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 20:**

All documents and things relating to or concerning defendant's diltiazem hydrochloride product(s) that are the subject of defendant's ANDA No. 77-686.

**RESPONSE TO REQUEST NO. 20:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it calls for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face relate to the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 21:**

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, concerning research, development, or production relating to the formulation of any diltiazem hydrochloride composition, done by or for defendant.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

17

reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.


**REQUEST NO. 22:**

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning the formula, chemical composition, and physical characteristics of defendant's proposed diltiazem hydrochloride product(s).

**RESPONSE TO REQUEST NO. 22:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.

**REQUEST NO. 23:**

Samples of defendant's proposed diltiazem hydrochloride compositions as well as the materials that make up those compositions, as identified and requested in Biovail's letters of July 19, 2005, August 4, 2005, and October 7, 2005 to Andrx.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad, unduly burdensome and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of multiple Requests, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx either has produced or will produce, if reasonably available, samples of the drug products for which it seeks approval in ANDA No. 77-686 as amended. Andrx either has produced or will produce, if reasonably available, samples or representative samples of the active pellets and extended-release pellets contained in those products.

**REQUEST NO. 24:**

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning any testing, evaluation or experimentation relating to formulations of diltiazem hydrochloride.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Andrx further objects to this Request as repetitious and redundant of at least Request No. 21, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.

**REQUEST NO. 25:**

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning the function of the excipient(s) in promoting stability or minimizing degradation relating to the formulation of any diltiazem hydrochloride composition, done by or for defendant.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

20

reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this

Request to the extent that it calls for materials produced during the Tiazac® litigation – in which

the district court decided and Court of Appeals upheld that Andrx's proposed product did not

infringe Biovail's '791 patent. Andrx further objects to this Request as repetitious and redundant

of at least Request No. 13, and is asserted solely for the improper purpose of harassing Andrx,

unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that

on their face reflect or describe Andrx's research and development of the formulation for its

proposed products as described in ANDA No. 77-686 as amended.


**REQUEST NO. 26:**

All documents and things, including but not limited to, notebooks, meeting minutes,

analyses, development reports, excipient reports and any other reports, relating to or concerning

all actual or potential experiments, tests or evaluations relating to formulations of diltiazem

hydrochloride compositions that were considered, attempted, done, or are to be done, by or for

defendant, or anyone acting on its behalf (including its consultants, experts and counsel).

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the

extent that this Request calls for materials subject to the attorney-client privilege or work-

product immunity. Andrx further objects to this Request as repetitious and redundant of at least

Request No. 21, and is asserted solely for the improper purpose of harassing Andrx,

21

unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.

## REQUEST NO. 27:

All documents and things relating to or concerning each use of diltiazem hydrochloride by or for defendant.

## RESPONSE TO REQUEST NO. 27:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

## REQUEST NO. 28:

All documents and things relating to or concerning any communications between defendant and any other entity relating to the formulation of diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Finally, Andrx objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Andrx further objects to this Request as repetitious and redundant of at least Request No. 14, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.


**REQUEST NO. 29:**

All documents and things referring to, relating to or concerning the '791 patent or any foreign counterpart thereof.

**RESPONSE TO REQUEST NO. 29:**

In addition to and without waiving the foregoing General Objections, Andrx objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of

23

Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will provide documents that on their face refer or relate to the '791 patent and its foreign counterparts.

## REQUEST NO. 30:

All documents and things relating to or concerning the scope of the claims of the '791 patent.

## RESPONSE TO REQUEST NO. 30:

In addition to and without waiving the foregoing General Objections, Andrx objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects because this Request calls for legal conclusions. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will provide documents that on their face refer or relate to the '791 patent and its foreign counterparts.

## REQUEST NO. 31:

All documents and things relating or concerning any opinion of counsel relating to the infringement or the validity, patentability, or enforceability of the '791 patent or any foreign counterpart.

## RESPONSE TO REQUEST NO. 31:

In addition to and without waiving the foregoing General Objections, Andrx objects to

the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Andrx is not aware of an allegation of willful infringement and notes that there is no good faith legal basis for such a claim as a matter of law. *See Glaxo Group Ltd. v. Apotex Inc.*, 376 F.3d 1339 (Fed. Cir. 2004).

## REQUEST NO. 32:

All documents and things relating to or concerning any prior art collected, identified or considered by any person in connection with the '791 patent or any foreign counterpart.

## RESPONSE TO REQUEST NO. 32:

In addition to and without waiving the foregoing General Objections, Andrx objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request because it calls for legal conclusions. Andrx further objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will provide prior art documents to the '791 patent.

## REQUEST NO. 33:

All documents and things (including without limitation patents and other publications)

which defendants consider support their contention that the '791 patent is invalid or

unenforceable.

**RESPONSE TO REQUEST NO. 33:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

the extent that this Request calls for materials subject to the attorney-client privilege or work-

product immunity. Andrx objects to this Request to the extent that it calls for materials produced

during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld

that Andrx's proposed product did not infringe Biovail's '791 patent. Andrx further objects to

the Request as premature to the extent it seeks information that is the proper subject of expert

discovery and testimony.

Subject to the foregoing and the General Objections, Andrx timely will produce

documents that support its contention that the '791 patent is invalid or unenforceable.


**REQUEST NO. 34:**

All documents and things relating to or concerning any license, agreement or

contract relating to diltiazem hydrochloride compositions or defendant's ANDA, to which

defendant is a party.

**RESPONSE TO REQUEST NO. 34:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the

extent that this Request calls for materials subject to the attorney-client privilege or work-

product immunity.

26

Subject to the foregoing and the General Objections, Andrx will produce any licenses for the products proposed in ANDA No. 77-686 as amended.

## REQUEST NO. 35:

All documents and things relating to or concerning any license, agreement, contract or negotiations regarding the sale of, or offers to sell diltiazem hydrochloride compositions.

## RESPONSE TO REQUEST NO. 35:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Finally, Andrx objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce any documents that on their face reflect or refer to sales of the product proposed in ANDA No. 77-686 as amended.

## REQUEST NO. 36:

All documents and things relating to or concerning any business plans regarding the anticipated marketing, sale, or licensing of diltiazem hydrochloride compositions.

## RESPONSE TO REQUEST NO. 36:

In addition to and without waiving the foregoing General Objections, Andrx objects to

27

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to

this Request as repetitious and redundant of at least Request No. 12, and is asserted solely for the

improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that

on their face describe or reflect any intended marketing of the products proposed in ANDA No.

77-686 as amended.


## REQUEST NO. 37:

All documents and things relating to or concerning any purchase or anticipated purchase

of diltiazem hydrochloride compositions by or for defendant.

## RESPONSE TO REQUEST NO. 37:

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this

Request to the extent that it calls for materials produced during the Tiazac® litigation – in which

the district court decided and Court of Appeals upheld that Andrx's proposed product did not

infringe Biovail's '791 patent. Finally, Andrx objects to this Request because it is unintelligible.

Subject to the foregoing and the General Objections, Andrx will produce documents that

on their face describe or reflect any purchase or anticipated purchase of the products proposed in

ANDA No. 77-686 as amended.

**REQUEST NO. 38:**

All documents and things relating to or concerning any anticipated labeling, promotion, or advertising for diltiazem hydrochloride compositions by or for defendant.

**RESPONSE TO REQUEST NO. 38:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 12, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face describe or reflect any intended marketing of the products proposed in ANDA No. 77-686 as amended.


**REQUEST NO. 39:**

All documents and things relating to or concerning the first awareness of the '791 patent by any employee, director or agent (including counsel) of defendant.

**RESPONSE TO REQUEST NO. 39:**

In addition to and without waiving the foregoing General Objections, Andrx objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects because this Request is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence. Finally, Andrx objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

**REQUEST NO. 40:**

All documents and things relating to or concerning the Cardizem® LA brand of diltiazem hydrochloride.

**RESPONSE TO REQUEST NO. 40:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to the extent that this Request calls for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce documents on their face that refer to Cardizem® LA.

**REQUEST NO. 41:**

All documents and things relating to or concerning any opinion or evaluation relating to the formulation of the Cardizem® LA brand of diltiazem hydrochloride, or any other diltiazem hydrochloride product.

**RESPONSE TO REQUEST NO. 41:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it calls for materials subject to the attorney-client privilege or

30

work-product immunity. Andrx also objects because this Request is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face describe, reflect or refer to the formulation of the Cardizem® LA.

## REQUEST NO. 42:

All documents and things relating to or concerning the sale and success of diltiazem hydrochloride compositions in the marketplace.

## RESPONSE TO REQUEST NO. 42:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects because this Request is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Andrx objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer, reflect or describe sales of Cardizem® LA.

## REQUEST NO. 43:

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning

the dissolution, bioavailability, stability or degradation of diltiazem hydrochloride compositions, or any other CCB.

**RESPONSE TO REQUEST NO. 43:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request No. 21, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect, refer to, or describe the dissolution, bioavailability, stability or degradation of the proposed products in ANDA No. 77-686 as amended.


**REQUEST NO. 44:**

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning the development of a diltiazem hydrochloride composition.

**RESPONSE TO REQUEST NO. 44:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this request as repetitious and redundant of at least Request Nos. 21 and 22, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe the development of the proposed products in ANDA No. 77-686 as amended.

## REQUEST NO. 45:

All documents and things, including, but not limited a books, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning the role of excipients in developing a diltiazem hydrochloride composition.

## RESPONSE TO REQUEST NO. 45:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request Nos. 21 and 22, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe the development of the proposed products in ANDA No. 77-686 as amended.

## REQUEST NO. 46:

All documents and things relating to or concerning the sale and success of the Cardizem® LA brand of diltiazem hydrochloride in the marketplace.

## RESPONSE TO REQUEST NO. 46:

In addition to and without waiving the foregoing General Objections, Andrx objects to

33

this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request No. 42, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer, reflect or describe sales of Cardizem® LA.


**REQUEST NO. 47:**

All documents and things relating to or concerning the sale and success of CCBs in the marketplace.

**RESPONSE TO REQUEST NO. 47:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx also objects because this Request is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request No. 42, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or describe sales of Cardizem® LA.

34

**REQUEST NO. 48:**

All documents and things relating to or concerning any attempts to copy, reverse engineer or otherwise test, analyze, experiment with or study the Cardizem® LA brand of diltiazem hydrochloride.

**RESPONSE TO REQUEST NO. 48:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request because it calls for legal conclusions. Andrx also objects because this Request is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request No. 41, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.

**REQUEST NO. 49:**

All documents and things relating to or concerning any attempts to obtain any portion of plaintiff's NDA through a Freedom Of Information Act request or any other means.

**RESPONSE TO REQUEST NO. 49:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or

work-product immunity. Andrx also objects to this Request because it lacks relevance.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face reflect or describe Andrx's research and development of the formulation for its proposed products as described in ANDA No. 77-686 as amended.

**REQUEST NO. 50:**

All documents and things relating to or concerning any attempts to develop a diltiazem hydrochloride composition.

**RESPONSE TO REQUEST NO. 50:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad, and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Finally, Andrx objects to this Request as repetitious and redundant of at least Request Nos. 21, 22, and 44, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and General Objections, Andrx will produce documents that on their face refer or relate to the development of the proposed products in ANDA No. 77-686 as amended.

**REQUEST NO. 51:**

All reports relating to or concerning the development and manufacture of defendant's diltiazem hydrochloride compositions, including but not limited to, product development reports, reports regarding manufacture, or reports regarding the excipients used in the manufacture of defendant's diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 51:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or reflect the development and manufacture of the proposed products in ANDA No. 77-686 as amended.

**REQUEST NO. 52:**

All documents and things, including but not limited to notebooks, meeting minutes, analyses, development reports, excipient reports and any ether reports, relating to analyses of diltiazem hydrochloride compositions, including but not limited to, data regarding the dissolution, bioavailability, stability (or instability) of such formulations, or the tendency of such formulations to degrade.

**RESPONSE TO REQUEST NO. 52:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or relate to the development and manufacture of the proposed products in ANDA No. 77-686 as amended.

**REQUEST NO. 53**:

All documents and things, including but not limited to, notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning any attempts to develop a diltiazem hydrochloride composition employing a formulation other than that claimed in the '791 patent, including but not limited to, data regarding the dissolution, bioavailability, stability (or instability) of such formulations, or the tendency of such formulations to degrade.

**RESPONSE TO REQUEST NO. 53:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 21, and is asserted solely for the improper purpose of harassing Andrx,

unnecessarily driving up the costs of this litigation. Finally, Andrx objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or reflect research and development of formulations in the products proposed in ANDA No. 77-686 as amended.


**REQUEST NO. 54:**

All documents and things, including but not limited to notebooks, meeting minutes, analyses, development reports, excipient reports and any other reports, relating to or concerning any superior or improved results associated with the use of any excipient as part of a diltiazem hydrochloride composition.

**RESPONSE TO REQUEST NO. 54:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request as repetitious and redundant of at least Request Nos. 21, 22, and 45, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or reflect the research and development of excipients in the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 55:**

All documents and things identified and requested in Biovail's letters of July 19, 2005, and October 7, 2005 to Andrx.

**RESPONSE TO REQUEST NO. 55:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx further objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Finally, Andrx notes that it has already provided samples to Biovail.

**REQUEST NO. 56:**

All documents and things relating to or concerning any comparison between the formulation of Cardizem® LA and the formulations of any other CCB.

**RESPONSE TO REQUEST NO. 56:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce the documents that on their face refer to, reflect or describe a comparison of the formulation of Cardizem® LA and the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 57:**

All documents and things relating to or concerning each importation of diltiazem hydrochloride compositions by or for defendant.

**RESPONSE TO REQUEST NO. 57:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing and the General Objections, Andrx does not possess any documents responsive to this request.

**REQUEST NO. 58:**

All documents and things relating to or concerning any manufacturer or supplier for defendant, or potential manufacturer or supplier for defendant, of excipients for use in defendant's diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 58:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

41

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or reflect research and development of formulations in the products proposed in ANDA No. 77-686 as amended which include the description of all excipients.

**REQUEST NO. 59:**

All documents and things relating to or concerning any communications with a manufacturer or supplier for defendant, or potential manufacturer or supplier for defendant, of defendant's diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 59:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 58, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

**REQUEST NO. 60:**

All documents and things relating to or concerning any contract, agreement or understanding with a manufacturer or supplier for defendant, or potential manufacturer or supplier for defendant, of defendant's diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 60:**

In addition to and without waiving the foregoing General Objections, Andrx objects to

this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request No. 58, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer to or describe contracts and agreements between Andrx and the manufacturers and suppliers of diltiazem hydrochloride as employed in the products proposed in ANDA No. 77-686 as amended.

## REQUEST NO. 61:

All documents and things relating to or concerning defendant's ability to make diltiazem hydrochloride compositions.

## RESPONSE TO REQUEST NO. 61:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents that on their face refer or reflect Andrx's ability to make the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 62:**

All documents and things Andrx produced or provided in the prior litigation involving Andrx's ANDA No. 75-401.

**RESPONSE TO REQUEST NO. 62:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous and overly broad. Andrx further objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent. Andrx notes that it has produced to Biovail the requested materials.

**REQUEST NO. 63:**

All documents and things relating to any proceeding outside the United States, including but not limited to regulatory approval proceedings, patent prosecution, patent opposition and patent litigation concerning diltiazem hydrochloride compositions.

**RESPONSE TO REQUEST NO. 63:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this

44

Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce documents that are responsive to this request and refer or relate to the products proposed in ANDA No. 77-686 as amended.

**REQUEST NO. 64:**

All documents and things relating to or concerning charts, handbooks, and descriptions regarding the management structure, ownership and organization of defendant, any of their subsidiaries, and any parent companies.

**RESPONSE TO REQUEST NO. 64:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it calls for materials produced during the Tiazac® litigation – in which the district court decided and Court of Appeals upheld that Andrx's proposed product did not infringe Biovail's '791 patent.

Subject to the foregoing and the General Objections, Andrx will produce documents sufficient to show the organization of defendant.

**REQUEST NO. 65:**

All documents and things relating to or concerning defendant's document retention or disposal/destruction policy.

45

**RESPONSE TO REQUEST NO. 65:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity.

Subject to the foregoing and the General Objections, Andrx will produce documents sufficient to describe any document retention policy.

**REQUEST NO. 66:**

All documents and things relating to or concerning the sale and/or success of any CCB in the marketplace.

**RESPONSE TO REQUEST NO. 66:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request as repetitious and redundant of at least Request Nos. 42, 46, and 47, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation.

**REQUEST NO. 67:**

All documents relied upon either in whole or in part as a basis for each opinion to be rendered by each expert (i) whom Andrx will or may call to testify in count, (ii) whom Andrx

will or may provide for deposition, or (iii) from whom Andrx has, will or may obtain affidavits or declarations as experts to give opinion testimony, in any proceeding in this case.

## RESPONSE TO REQUEST NO. 67:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Finally, Andrx objects to this Request because it is premature. Andrx is willing to meet and confer with Biovail regarding this Request, but it currently does not intend to produce the requested information.

## REQUEST NO. 68:

All reports, studies, books, articles or other publications prepared by each expert referred to in Request No. 69, concerning the subject about which each expert is expected to testify.

## RESPONSE TO REQUEST NO. 68:

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Andrx further objects to this Request because it is unintelligible. Andrx also objects to this Request as repetitious and redundant of at least Request No. 67, and is asserted solely for the improper purpose of harassing Andrx, unnecessarily driving up the costs of this litigation. Finally, Andrx objects to this Request because it is premature. Andrx has stated its

47

willingness to meet and confer with Biovail regarding this and other expert related Requests, but it currently does not intend to produce the requested information.

**REQUEST NO. 69:**

All hearing transcripts, deposition transcripts, trial transcripts, declarations, affidavits and expert reports containing the testimony of each expert referred to in Request No. 69 in any legal proceeding in which such expert testified on topics relating to patent validity or enforceability, patent infringement, damages, royalties, or the manufacture, testing, or sale of any CCB in the marketplace.

**RESPONSE TO REQUEST NO. 69:**

In addition to and without waiving the foregoing General Objections, Andrx objects to this Request because it is vague, ambiguous, overly broad and, therefore, is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Andrx also objects because this Request is unintelligible. Andrx also objects to this Request to the extent that it asks for materials subject to the attorney-client privilege or work-product immunity. Finally, Andrx objects to this Request because it is premature.

**RAWLE & HENDERSON, LLP**

_____
William J. Cattie, III, Esq.
I.D. No. 953
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE  19899-0588
(302) 778-1200
Attorney for Defendant
ANDRX PHARMACEUTICALS, LLC
ANDRX CORPORATION

OF COUNSEL:
Martin P. Endres
**HEDMAN & COSTIGAN, P.C.**
1185 Avenue of the Americas
New York, New York  10036


Steven Maddox
**FOLEY & LARDNER, LLP**
3000 K Street, N.W., Suite 500
Washington, DC  20007