

**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

February 24, 2006

**VIA HAND DELIVERY AND CM/ECF**

The Honorable Kent A. Jordan
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

      Re:    *Biovail v. Andrx Pharmaceuticals LLC et al.*,
             C.A. No. 05-586-KAJ

Dear Judge Jordan:

      We represent defendant Andrx Pharmaceuticals, LLC and Andrx Corporation (collectively "Andrx") in the above-referenced matter, and submit this letter in connection with the <u>second</u> discovery conference, scheduled for February 28, 2006 at 3:00 p.m., concerning Andrx's request that the Court compel plaintiff Biovail Laboratories International SRL (herein "Biovail") to provide answers to Andrx's Interrogatories 1 – 4 and 6 – 9, and to produce documents called for in Andrx's Document Request Nos. 1 – 34, 36 – 48, and 50 – 62.[1] The Court held a telephonic conference on this same issue on January 26, 2006. Despite the Court's rulings and instructions during the first conference, at the time Andrx requested this conference, Biovail had not answered the requested discovery, insisting that Andrx agree to certain conditions – conditions that the Court already considered and rejected as "not supported by the law." We learned after the close of business last night that Biovail intends to supplement its interrogatory responses on Monday, February 27, 2006. (Ex. 1.) Until we receive the supplemental responses, we believe we should submit our position to the Court today (as required by the Court's procedures) and keep the conference on the Court's calendar. If Biovail provides full and complete answers to Andrx's discovery requests on Monday, in compliance with this Court's earlier decisions, Andrx will promptly notify the Court to cancel the conference set for February 28, 2006.

---

[1] Andrx's and Biovail's position concerning Andrx's request to compel discovery were previously submitted in their respective letters dated January 25, 2006 (D.I. No. 43) and January 26, 2006 (D.I. No. 44). Accordingly, Andrx incorporates by reference its positions and arguments as set forth in its January 25, 2006 letter and during the January 26, 2006 conference.

The Honorable Kent A. Jordan
February 24, 2006
Page 2

## I. BIOVAIL HAS NOT PROVIDED ANSWERS TO INTERROGATORIES 1 – 4 AND 6 - 9

During the January 26, 2006 conference, Biovail attempted to justify its refusal to provide answers to interrogatories on the basis that Andrx's responses to its interrogatories were insufficient and therefore it was entitled to supplemental responses from Andrx. The Court rejected Biovail's argument as "not supported by the law" (*see* Transcript p. 11, ll. 12-14) and ruled that Biovail cannot refuse to answer discovery because it wants Andrx to provide supplemental answers to its interrogatories (*id.*, at p. 11, ll. 21-25). Despite the Court's rulings, Biovail improperly withheld its responses unless Andrx agreed to a simultaneous exchange of supplemental responses to interrogatories. (*See* Ex. 2, Letter dated February 1, 2006).

Biovail's continuing refusal to provide its answers to Andrx's interrogatories until Andrx supplements its responses to interrogatories is a direct violation of the Court's rulings and is also directly inconsistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d); *Convolve, Inc. v. Compaq Computer Corp.*, N.O. 00 Civ. 5141 (JSM), 2000 WL 1480363, at *1 (S.D.N.Y. Oct. 6, 2000) (Ex. 3, hereto) ("As Rule 26(d), Fed. R. Civ. P. states, 'methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.' Under the Federal Rules' liberal discovery regime, without judicial intervention *a party can neither assert priority in discovery nor make its responses to another party's discovery requests contingent upon reciprocal compliance.*" (citing *Burda Media, Inc. v. Blumenberg*, 97 Civ. 7167, 1999 WL 413469, at *5 (S.D.N.Y. June 21, 1999)) (emphasis supplied).

By letter dated February 1, 2006, Biovail admitted that it was prepared to provide its answers to at least Interrogatories 1 and 4 by February 13, 2006 and Interrogatory 6 by February 17, 2006. (Ex. 2). Biovail did not do so. It is now more than a week after Biovail's self-imposed deadlines and Biovail still has not provided Andrx with its supplemental answers nor provided any explanation why Biovail could not meet its own deadline. Now, at the last minute, Biovail claims that it will comply by Monday, February 27, 2006. (Ex. 1.) There simply is no excuse for Biovail to continue to withhold this discovery. Accordingly, if Biovail's does not comply by Monday, Andrx respectfully requests that the Court order Biovail to provide its answers to Andrx's interrogatories by close of business on March 1, 2006.

## II. BIOVAIL HAS NOT PRODUCED RESPONSIVE DOCUMENTS

Biovail also refused to produce documents responsive to Andrx's document requests unless Andrx agrees to certain conditions. For example, with respect to documents referring or relating to secondary considerations or objective indicia of non-obviousness, Biovail *may commence* production of documents responsive to this category[2] on the condition that Andrx agrees to a simultaneous exchange of supplemental responses to interrogatories. (*See* Ex. 2). As discussed above, Biovail cannot refuse to produce responsive documents in the hopes of

---

[2] Documents referring or relating to secondary considerations or objective indicia of non-obviousness is Category D discussed in Andrx's January 25, 2006 letter. (D.I. No. 43).

The Honorable Kent A. Jordan
February 24, 2006
Page 3

extracting concessions from Andrx. Biovail now contends that it will begin producing documents on March 3, 2006. (Ex. 1.) Biovail provides no justification for its delay, especially in light of the fact that Biovail previously represented that it could produce these documents by February 20, 2006. (Ex. 2).

In addition, Biovail has refused to produce documents responsive to Categories A – C and E – G set forth in Andrx's January 25, 2006 letter (D.I. No. 43) on the grounds that because the Court did not have time to expressly address these issues during the January 26, 2006 conference, the Court must have found that Andrx's request lacks merit. (*See* Ex. 2). Biovail's position is without merit. The Court never stated that Andrx's requests with respect to Categories A – C and E – G lacked merit. Indeed, a review of the transcript from the January 26, 2006 conference clearly indicates that given the limited amount of time available, the parties and the Court focused on the issues that had the most sweeping impact on discovery with the hopes that the Court's guidance on those issues would resolve most, if not all of Andrx's discovery complaints. Although Andrx believes that the guidance provided by the Court during the January 26, 2006 conference was sufficient to put Biovail on notice that its refusal to provide discovery will not be tolerated, Biovail continues to refuse to produce all responsive documents.

On February 16, 2006, Biovail produced certain documents from a prior litigation. Biovail has not, however, confirmed that these are all of the documents responsive to Andrx's document requests with respect to Categories A – G. Indeed, a review of Biovail's most recent production suggests that there are numerous documents still missing from its production. For example, Category C requires production of documents related to the testing, R&D, formulations of products that Biovail asserts are covered by the patent. This would include any testing or analysis of Andrx's products at issue in this litigation. Further, Categories A and F require production of documents related to other proceedings involving the '791 patent, or its foreign equivalents. These highly relevant documents have not been produced.

In light of the Court's rulings and instructions during the January 26, 2006 conference, Biovail has no excuse for its delay and failure to provide the requested discovery. As this Court has already addressed Biovail's deficient document discovery, Andrx respectfully request that this Court order Biovail to complete document production on these topics by March 7, 2006, to avoid a further discovery conference.

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt/721235
cc:   Clerk of Court (via electronic filing)
      Jack B. Blumenfeld (via electronic filing and email)
      Joseph M. O'Malley, Jr. (via email)
      Dominick A. Conde (via email)
      Anthony Son (via email)

# EXHIBIT 1

Case 1:05-cv-00586-GMS   Document 53   Filed 02/24/2006   Page 4 of 11

# FITZPATRICK, CELLA, HARPER & SCINTO
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112-3800
212-218-2100
FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
1800 K STREET, N.W.
WASHINGTON, D.C. 20006-1110
(202) 530-1010
FACSIMILE (202) 530-1055

CALIFORNIA OFFICE
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-8823

PRESTON K. RATLIFF II
DIRECT DIAL (212) 218-2509
E-MAIL pratliff@fchs.com

February 23, 2006

VIA FACSIMILE

Steven A. Maddox, Esq.
Foley & Lardner LLP
3000 K Street, N.W.
Suite 500
Washington, DC 20007-5143

Re: *Biovail v. Andrx Pharmaceuticals LLC et al.*,
Civil Action No. 1:05-cv-586 (KAJ)

Dear Mr. Maddox:

Notwithstanding Andrx's refusal to supplement its interrogatory responses, Biovail will supplement its interrogatory responses to Andrx Interrogatory Nos. 1-4, and 6-8 by Monday, February 27, 2006. In addition, Biovail has elected to rely on evidence of unexpected properties and commercial success, and expects to commence production of such materials by March 3, 2006.

Very truly yours,

Preston K. Ratliff II

cc: Via Facsimile

Jack B. Blumenfeld, Esq.
Richard L. Horwitz, Esq.
Martin P. Endres, Esq.
Herschel Sparks, Esq.

# EXHIBIT 2

# FITZPATRICK, CELLA, HARPER & SCINTO
30 ROCKEFELLER PLAZA
NEW YORK, NY 10112-3800
212-218-2100
FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1110
(202) 530-1010
FACSIMILE (202) 530-1055

CALIFORNIA OFFICE
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9823

PRESTON K. RATLIFF II
DIRECT DIAL (212) 218 2569
E-MAIL pratliff@fchs.com

February 1, 2006

VIA FACSIMILE

Steven A. Maddox, Esq.
Foley & Lardner LLP
3000 K Street, N.W.
Suite 500
Washington, DC 20007-5143

Re: *Biovail v. Andrx Pharmaceuticals LLC et al.*,
Civil Action No. 1:05-cv-586 (KAJ)

Dear Mr. Maddox:

This is response to Andrx's January 30, 2006 letter regarding Biovail's interrogatories responses, and Biovail's document production.

First, based on the Court's guidance in the January 26, 2006 telephone discovery conference, Biovail proposes that on Monday, February 13, 2006, the parties exchange supplemental interrogatory responses. Biovail will supplement its responses to Andrx Interrogatories Nos. 1 and 4 provided that Andrx agrees to supplement its responses to Biovail Interrogatory Nos. 1 and 2 to include an identification of each claim that Andrx asserts is invalid, and a full and complete explanation of the bases for its assertions. If Andrx maintains that the '791 patent is invalid under 35 U.S.C. § 102, please include a detailed explanation of how each element of the '791 patent claims is disclosed by the prior art, and if Andrx maintains that the '791 patent is invalid under 35 U.S.C. § 103, please include a detailed explanation of: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claims and the prior art; and (4) why the differences between the claims and the prior art would have been obvious. Further, Biovail requests that Andrx also supplement its response to Biovail Interrogatory No. 3 to include all of the missing information identified in Biovail's January 24, 2006 letter.

Second, Biovail is not in a position to supplement its response to Andrx Interrogatory No. 6 by this Friday, because it is just now exploring what evidence is available regarding unexpected properties and/or secondary considerations. Biovail will let

Steven A. Maddox, Esq.
February 1, 2006
Page 2

Andrx know whether it has elected to rely on such evidence by Friday, February 17, 2006, and if so, it will supplement its response to Interrogatory No. 6 within three business days thereafter, and will commence production of pertinent documents.

Third, Andrx suggests in its letter that it already reproduced the Andrx production that Biovail requested from the Tiazac® litigation, and thus contends that Biovail should immediately produce the Biovail production from the Tiazac® litigation that Andrx requested. Please identify, by bates number, where each of the documents requested in Tab A of Biovail's December 28, 2005 letter can be found, and Biovail will promptly produce the Biovail production that Andrx requested to the extent that it has retained those documents.

Finally, the lack of merit of Andrx's other complaints is evident by the fact that the Court did not even address those issues during the discovery conference. Biovail's January 26, 2006 letter to the Court set forth its position on those issues, and Andrx's letter does not provide any substantive response -- it simply regurgitates the same unsupported complaints raised in Andrx's January 25, 2006 letter to the Court. Of Andrx's myriad of complaints, the Court chose only to address the issue of documents related to unexpected properties and/or secondary considerations.

Very truly yours,

*[signature]*

Preston K. Ratliff II

cc:   <u>Via Facsimile</u>

   Jack B. Blumenfeld, Esq.
   William J. Cattie, III, Esq.
   Martin P. Endres, Esq.
   Herschel Sparks, Esq.

# EXHIBIT 3

Westlaw.

Not Reported in F.Supp.2d                                                                              Page 1
Not Reported in F.Supp.2d, 2000 WL 1480363 (S.D.N.Y.)
**(Cite as: 2000 WL 1480363 (S.D.N.Y.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
CONVOLVE, INC. and Massachusetts Institute of
Technology, Plaintiffs,
v.
COMPAQ COMPUTER CORP. and Seagate Technology
LLC, Defendants.
**No. 00 Civ. 5141(JSM).**

Oct. 6, 2000.

Dennis J. Block, Cadwalader, Wickersham & Taft, New York, NY, for plaintiffs.

Peter Bucci, Orrick, Herrington & Sutcliffe, New York, NY, Robert J. Goldman, Fish & Neave, New York, NY, for defendants.

OPINION and ORDER

MARTIN, J.

*1 This case presents an all too typical example of counsel unilaterally deciding that his client will not comply with its discovery obligation because of a perceived failure of an adversary to meet its own obligation. The Federal Rules of Civil Procedure do not, however, sanction resort to frontier justice. As Judge Sweet of this Court has previously noted:

> As Rule 26(d), Fed.R.Civ.P. states, "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery." Under the Federal Rules' liberal discovery regime, without judicial intervention a party can neither assert priority in discovery nor make its responses to another party's discovery requests contingent upon reciprocal compliance.... The appropriate remedy to another party's intransigence is not mutuality of non-performance, but rather a motion brought pursuant to Rule 37, Fed.R.Civ.P.

*Burda Media, Inc. v. Blumenberg,* 97 Civ. 7167, 1999 WL 413469, at *5 (S.D.N.Y. June 21, 1999) (citations omitted).

Because Plaintiffs had deliberately refused to respond to Defendant Seagate's discovery requests, the Court orally ruled at a conference with the parties that Plaintiffs waived all objections that could have been asserted in a timely response. Plaintiffs now seek a reconsideration of that ruling and ask that they be permitted to assert all appropriate objections.

There is no question that:
> Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted.... Faithfully observed as well is the Federal Rules' requirement that extensions of response times be stipulated to in writing.

*Id.* at *5 (citations omitted).

In determining whether a party's failure to timely object to a discovery demand should result in a waiver of any objection, courts consider "the nature of the violation, its willfulness or cavalier disregard for the rule's requirements, and the harm which results to other parties." *AFP Imaging Corp. v. Philips Medizin Sys.,* 92 Civ. 6211, 1993 WL 541194, at *3 (S.D.N.Y. Dec. 28, 1993).

Here, Plaintiffs' willful failure to respond to Defendant's request reflected a cavalier disregard for the rule's requirements. While Plaintiffs' counsel argues that he brought the dispute concerning the defendant's alleged failure to meet its obligations to the Court's attention, he never asked the Court for permission to defer his response or said anything to indicate that he thought he had any such right. Rather, he simply advised his adversary:

> In light of Seagate's failure to respond in any way to plaintiffs' document request, plaintiffs will not respond to Seagate's document request at this time. Plaintiff will respond to the Document Request after the Court addresses Seagate's failure to provide any discovery to plaintiffs, and Seagate in fact submits a response to plaintiffs' document request. [FN1]

>> FN1. In contrast, defense counsel asked the Court to stay its discovery obligation until the issues concerning its production could be resolved.

*2 Letter from Block to Bucci of 9/15/00.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1480363 (S.D.N.Y.)
**(Cite as: 2000 WL 1480363 (S.D.N.Y.))**

Page 2

Given this deliberate and total disregard of the requirements of the Federal Rules of Civil Procedure, it is appropriate to enforce the rule that Plaintiffs waived their right to object to Defendant Seagate's document requests by not replying in a timely manner. Those who practice in the federal courts should understand that they are expected to comply with the rules and that conduct which "multiplies the proceedings in any case unreasonably and vexatiously" will have adverse consequences. 28 U.S.C. § 1927.

Thus, the Court denies Plaintiffs' application that the Court "permit plaintiffs to assert all appropriate objections to Seagate's Document Request." While the conduct here would justify a total denial of relief, the court is not unsympathetic to the fact that Plaintiffs should not suffer undue prejudice as a result of the actions of counsel. Thus, if Plaintiffs make a good faith production in substantial compliance with Defendant Seagate's document request, the Court will entertain an application for a protective order to prevent disclosure of a *limited* amount of information if plaintiff can establish that the information is privileged or contains highly sensitive trade secret information totally unrelated to the issues in dispute in this case, and which cannot be safeguarded adequately under a protective order.

SO ORDERED.

Not Reported in F.Supp.2d, 2000 WL 1480363 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:00cv05141 (Docket) (Jul. 13, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.