IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados, | ) ) ) ) |
| Plaintiff, v. | ) C.A. No. 05-586-KAJ ) (consolidated case) ) |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION | ) ) ) ) |
| Defendants. | ) |

**ANDRX'S NOTICE OF 30(b)(6) DEPOSITION
OF BIOVAIL LABORATORIES INTERNATIONAL SRL**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Andrx Pharmaceuticals, LLC and Andrx Corporation ("Andrx") will take a deposition upon oral examination of Biovail Laboratories International SRL ("Biovail"), which shall designate one or more officers, directors or other persons who consent to testify on its behalf about matters set forth in the attached Schedule A, including information in the possession, custody and control of Biovail.

The deposition will commence at 9:30 a.m. on April 25, 2006, at the offices of Foley & Lardner LLP, 90 Park Avenue, New York, New York 10016, or at such other time and place as counsel may mutually agree upon, and will continue from day-to-day, weekends and legal holidays excluded, until completed. The examination will be conducted before a person duly authorized and will be recorded by stenographic and videographic means. Separately for each numbered category in the attached Schedule A, Biovail shall identify to Andrx no later than 7 days before the date of the deposition, the person(s) designated to testify on Biovail's behalf.

You are invited to attend and cross-examine.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|  | By: */s/ Kenneth L. Dorsney* |
| Steven Maddox | Richard L. Horwitz (#2246) |
| FOLEY & LARDNER, LLP | Kenneth L. Dorsney (#3726) |
| 3000 K Street, N.W., Suite 500 | Hercules Plaza, 6th Floor |
| Washington, DC 20007 | 1313 N. Market Street |
| Tel: (202) 672-5300 | Wilmington, DE 19899 |
|  | Tel: (302) 984-6000 |
|  | Fax: (302) 658-1192 |
| Douglas Carsten | rhorwitz@potteranderson.com |
| FOLEY & LARDNER, LLP | kdorsney@potteranderson.com |
| 11250 El Camino Real, Suite 200 |  |
| San Diego, California 92130 | *Attorneys for Defendants Andrx* |
| Tel: (858) 847-6700 | *Pharmaceuticals, LLC and Andrx Corporation* |

Martin P. Endres
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-7474

April 6, 2006
726947 / 30015

## **SCHEDULE A**

### Definitions

1. Andrx hereby incorporates by reference the Definitions set forth in Andrx's First Request for the Production of Documents and Things to Biovail.

### Areas of Examination Pursuant to Rule 30(b)(6)

1. Biovail's identification, collection, and production of documents in connection with this case.

2. Biovail's due diligence with respect to its purported acquisition of rights relating to the patent-in-suit.

3. Biovail's knowledge of the respective contributions to the purported invention(s) disclosed and/or claimed in the patent-in-suit by each named inventor of the patent-in-suit.

4. Biovail's knowledge relating to the conception and/or reduction to practice of the purported invention(s) disclosed and/or claimed in the patent-in-suit.

5. The prosecution history of the patent-in-suit or any patent or patent application in the chain of patent applications leading to or claiming priority to the patent-in-suit.

6. Biovail's licensing or assignment of any rights relating to the patent-in-suit, or any patent or patent application in the chain of patent applications leading to or claiming priority to the patent-in-suit.

7. Biovail's relationship with Galephar P.R. Inc.

8. Biovail's relationship with any Galephar-related company.

9. Any communications between Biovail and Galephar relating to the patent-in-suit or any patent or patent application in the chain of patent applications leading to or claiming priority to the patent-in-suit.

10. Biovail's manufacture for sale, first offer for sale, first sale, first use, current sales, and projected sales of Cardizem LA.

11. Biovail's manufacture for sale, first offer for sale, first sale, first use, current sales, and projected sales of any products that Biovail contends embody the purported invention(s) disclosed and/or claimed in the patent-in-suit.

12. Biovail's Cardizem LA marketing, sales, promotion, pricing, and profits.

13. Marketing, sales, promotion, pricing, and profits of any products Biovail contends embody the purported invention(s) disclosed and/or claimed in the patent-in-suit.

14. Marketing, sales, promotion, pricing, and profits of any diltiazem-containing product that Biovail views as a competitive product to any products that Biovail contends embody the purported invention(s) disclosed and/or claimed in the patent-in-suit.

15. Biovail's research and development activities with respect to the product Cardizem LA.

16. Biovail's formulation of Cardizem LA.

17. Biovail's development of the formulation of Cardizem LA.

18. Biovail's manufacturing of Cardizem LA.

19. Biovail's research and development activities leading to the formulation of Cardizem LA.

20. Biovail's FDA submissions and subsequent compliance with respect to Biovail's NDA for Cardizem LA.

21. Any communications with the FDA regarding any subject matter disclosed or claimed in the patent-in-suit.

22. Any clinical studies relating to the subject matter disclosed and/or claimed in the patent-in-suit.

23. Any patents or patent applications formerly or presently licensed to or controlled by Biovail that relate to formulations containing diltiazem or diltiazem salts.

24. Biovail's pre-filing investigation of the alleged infringement by Andrx and factors leading up to Biovail's decision to sue Andrx.

25. Biovail's testing, evaluation, and studies relating to Cardizem LA, including any comparative testing, evaluation or studies with other diltiazem-containing formulations.

26. Any models, techniques or laboratory tests used by or on behalf of Biovail to evaluate wetting agents, surfactants or admixtures.

27. Any dissolution testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Cardizem LA.

28. Any dissolution testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA No. 77-686.

29. Any testing performed by or on behalf of Biovail intended to or designed to simulate *in vivo* conditions for any diltiazem-containing products, including without limitation Cardizem LA.

30. Any testing performed by or on behalf of Biovail intended to or designed to simulate *in vivo* conditions for any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA No. 77-686.

31. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Cardizem LA, intended to or designed to determine the presence of a wetting agent in such products either *in vitro* or *in vivo*.

32. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA No. 77-686, intended to or designed to determine the presence of a wetting agent in such products either *in vitro* or *in vivo*.

33. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Cardizem LA, intended to or designed to determine the presence of an effective amount of wetting agent in such products either *in vitro* or *in vivo*.

34. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA

No. 77-686, intended to or designed to determine the presence of an effective amount of wetting agent in such products either *in vitro* or *in vivo*.

35. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Cardizem LA, intended to or designed to determine the presence of an effective amount of wetting agent in admixture with diltiazem in such products either *in vitro* or *in vivo*.

36. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA No. 77-686, intended to or designed to determine the presence of an effective amount of wetting agent in admixture with diltiazem in such products either *in vitro* or *in vivo*.

37. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Cardizem LA, intended to or designed to determine the presence of an effective amount of wetting agent in admixture with diltiazem that maintains the solubility of diltiazem in such products either *in vitro* or *in vivo*.

38. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA No. 77-686, intended to or designed to determine the presence of an effective amount of wetting agent in admixture with diltiazem that maintains the solubility of diltiazem in such products either *in vitro* or *in vivo*.

39. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Cardizem LA, intended to or designed to determine the presence of an effective amount of wetting agent in admixture with diltiazem that maintains the solubility of diltiazem ensuring that the solubility of diltiazem is unaffected by the pH of the gastrointestinal tract in such products either *in vitro* or *in vivo*.

40. Any testing performed by or on behalf of Biovail of any diltiazem-containing products, including without limitation Andrx's proposed products described in Andrx ANDA No. 77-686, intended to or designed to determine the presence of an effective amount of wetting

6

agent in admixture with diltiazem that maintains the solubility of diltiazem ensuring that the solubility of diltiazem is unaffected by the pH of the gastrointestinal tract in such products either *in vitro* or *in vivo*.

41. Any instances in which Biovail has alleged that any entity has infringed the patent-in-suit and the facts behind the investigation of said allegation.

42. Any assertion made by any person or entity relating to the validity/invalidity and/or enforceability/unenforceability of the patent-in-suit or any patent or patent application in the chain of patent applications leading to or claiming priority to the patent-in-suit.

43. The construction of the claims of the patent-in-suit.

44. Any prior art relevant to the patent-in-suit.

45. Any advantages or disadvantages of the purported invention(s) disclosed and/or claimed in the patent-in-suit over the prior art.

46. Any commercial success of products Biovail contends embody the purported invention(s) disclosed and/or claimed in the patent-in-suit.

47. The nexus between the purported invention(s) disclosed and/or claimed in the patent-in-suit and the products Biovail contends embody the purported invention(s) disclosed and/or claimed in the patent-in-suit.

48. Any long-felt but unmet need in the prior art that was satisfied by the purported invention(s) disclosed and/or claimed in the patent-in-suit.

49. Any unexpected results achieved by the purported invention(s) disclosed and/or claimed in the patent-in-suit.

50. Any praise by others skilled in the art of the purported invention(s) disclosed and/or claimed in the patent-in-suit.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on April 6, 2006, the attached document was hand-delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Melissa Stone Myers
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on April 6, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Joseph M. O'Malley, Jr.
Dominick A. Conde
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112
jo'malley@fchs.com
dconde@fchs.com

/s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

719290