# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Karen Jacobs Louden
302 351 9227
302 425 4681 Fax
klouden@mnat.com

May 11, 2006

By Electronic Filing

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

> Re: *Biovail v. Andrx Pharmaceuticals LLC et al.,*
> Civil Action No. 05-586 (KAJ)

Dear Judge Jordan:

      Plaintiff Biovail hereby responds to Defendant Andrx's May 10, 2006 letter to the Court.

      Andrx's request that the Court intervene is simply unnecessary. Nothing prevents Andrx from obtaining testimony from Mr. Baudier, a non-party witness living in Belgium, if it follows the appropriate rules for obtaining testimony from a witness who resides outside the jurisdiction of the United States court system.

      Andrx's claims that Biovail's counsel is somehow responsible for the need to reschedule the May 10 Court conference and that Biovail's counsel interfered with the discovery process are simply unfounded. Andrx ***unilaterally*** cancelled the conference call without consulting Biovail's counsel. At that time, the issue of whether Mr. Baudier's deposition would go forward was unresolved. While Andrx claims that Mr. Baudier had agreed to appear, as discussed below, that is incorrect. In fact, Mr. Baudier had not yet responded to any of Andrx's letters, and Andrx had previously represented that it would keep the May 10 conference open until Mr. Baudier's deposition had been scheduled, which had not occurred. (Tab A).

      As to Andrx's obstruction claims, Biovail's counsel was not asked to, and did not participate in any conversations between Andrx's counsel and Mr. Baudier. Biovail's counsel played no role whatsoever in the miscommunications between them. Contrary to Andrx's letters to him, Mr. Baudier's May 8, 2006 letter (in French) clearly states that he did not agree to be deposed and did not understand Andrx's counsel: "I must make clear to you here that I ***did not under any circumstances*** give my consent to be possibly deposed. I will add that your faxes are

Hon. Kent A. Jordan
May 11, 2006
Page 2

not a correct representation of what I said, since I was not at all sure that I understood you." (Tab B)(emphasis added). That letter reflects <u>Mr. Baudier's</u> understanding of his conversation with Andrx's counsel.[1] Thus, Andrx's statement that Mr. Baudier had agreed to appear is incorrect.

Andrx assertions that Biovail's counsel has control over Mr. Baudier and refused to produce him are also wrong. Mr. Baudier is not an employee of Biovail or any party in this litigation. If Mr. Baudier was under the control of Biovail's counsel as Andrx asserts, it is unclear what basis Andrx's counsel had to directly contact him. ABA Model Prof. Cond. R. 4.2 ("[A] lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter").

Andrx's assertion that Biovail prevented Mr. Baudier's deposition in the previous litigation between the parties relating to the patent in suit is also unsupported. As the Court has noted, depositions may be taken pursuant to Federal Rule 28(b) where "the witnesses are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of [a foreign country], and are not otherwise subject to the jurisdiction of this Court." *Abbott Lab. v. Teva Pharm. USA, Inc.*, 2004 U.S. Dist. LEXIS 13480, at *7 (D. Del. Jul. 15, 2004). Thus, then, as now, Andrx had an easy way to obtain such testimony – Andrx simply refuses to follow those procedures. In any event, that Mr. Baudier did not appear in the previous litigation is entirely consistent with the fact that he is unwilling to voluntarily appear now.[2]

In short, there is no reason for the Court to intervene. Andrx has the ability to obtain testimony from Mr. Baudier. All it has to do is follow those procedures.

Respectfully,

/s/ Karen Jacobs Louden

Karen Jacobs Louden (#2881)

---

[1] Despite several earlier attempts, on Friday, May 5, 2006, Biovail's counsel was able to schedule a conference call with Mr. Baudier for Monday, May 8 at 11 am. The purpose of that call was to ascertain what Mr. Baudier told Andrx's counsel. By the time that call commenced, without notice to Biovail, Andrx already had cancelled the May 10 Court conference. During that conversation, Mr. Baudier spoke in French through a translator. Mr. Baudier said that he was unsure who Mr. Maddox was when he called, and that he had not agreed to be deposed.

[2] Nonetheless, Andrx first raised the issue in a March 31, 2006 letter to Biovail, and on April 12, 2006, Biovail responded stating that Mr. Baudier was not under its control.

Hon. Kent A. Jordan
May 11, 2006
Page 3

/cbh
attachments

cc:    Peter T. Dalleo, Clerk (By Hand)
       Richard L. Horwitz, Esquire (By Hand)
       Steven A. Maddox, Esquire (By Telecopy)
       Joseph M. O'Malley, Jr., Esquire (By Telecopy)