## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-586-KAJ |
| v. | ) | (consolidated case) |
| | ) | |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION | ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' UNOPPOSED MOTION TO ISSUE
## INTERNATIONAL JUDICIAL ASSISTANCE REQUEST ORDER

Defendants Andrx Pharmaceuticals LLC and Andrx Corporation (collectively "Andrx") by their undersigned counsel, hereby respectfully move the Court to issue the attached Request For International Judicial Assistance Letter Rogatory to enable Andrx to seek production of documents and take the deposition of a certain witness located in Belgium pursuant to Fed.R.Civ.P. 28(b) and 28 U.S.C. § 1781. Andrx has met and conferred with Plaintiff's counsel in compliance with D. Del. I.R. 7.1.1. Plaintiff does not oppose this motion to issue letters of request, but reserves the right to object to the scope of the requested discovery.

### I.    Background.

Plaintiff filed suit against Andrx alleging infringement of United States Patent No. 5,529,791 ("the '791 patent") by virtue of Andrx's filing of an Abbreviated New Drug Application ("ANDA") under the Hatch-Waxman Act. Andrx answered the complaint alleging, in part, invalidity of the '791 patent under 35 U.S.C. §§ 102, 103, and 112.

Plaintiff Biovail responded to interrogatories in this action on December 23, 2005, and supplemented several of those responses again on February 27, 2006. In both those interrogatory responses, Biovail stated that Mr. Philippe Baudier, of Belgium, was "knowledgeable regarding the conception and reduction to practice of the inventions of the '791 patent. . . ." Mr. Baudier is a named inventor of the '791 patent, and, as such, has significant knowledge as to his work underlying the purported inventions disclosed and/or claimed in the '791 patent.

## II.     Legal Standards.

Andrx moves the Court for entry of attached Request For International Judicial Assistance Letter Rogatory pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781. This Court has previously allowed foreign discovery under Rule 28(b) and 28 U.S.C. § 1781 following a showing of the necessity of the discovery. *See Tulip Computers Int'l B.V. v. Dell Computers Corp.*, 254 F.Supp.2d 469, 474 (D. Del 2003) (Jordan, J.) (relating to foreign discovery pursuant to Hague Evidence Convention). Motions for letters rogatory should be granted where the requested discovery pertains to issues that are significant to the resolution of the case. *See, e.g., DBMS Consultants v. Computer Assocs. Int'l Inc.*, 131 F.R.D. 367, 269 (D. Mass 1990) (application for letter rogatory granted where requested discovery pertained to issue that was "significant to the resolution of this litigation"); *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978) (application for letter rogatory granted where discovery sought was "material and necessary" to defense of action).

### III.    Discussion.

The discovery that Andrx requests here is relevant to this action.  Mr. Baudier is a named inventor of the '791 patent.  Furthermore, Biovail has confirmed that Mr. Baudier has material, relevant information to the conception and reduction to practice of the purported inventions disclosed and/or claimed in the '791 patent in their discovery responses in this action.

Moreover, Andrx has narrowly crafted discovery requests to Mr. Baudier.  The only information sought from Mr. Baudier relate to his work with a particular active pharmaceutical ingredient (described and claimed in the '791 patent), his contributions to the work described and/or claimed in that '791 patent, his contributions to the conception of the purported inventions described and/or claimed in the '791 patent, his involvement in the prosecution of the '791 patent, and his involvement in any licensing of the '791 patent by Biovail from Mr. Baudier's employer, Galephar.  Mr. Baudier is the only witness who can testify to his own involvement and contributions in the '791 patent.

Mr. Baudier is a Belgium resident, is not a party to this action, and is outside the jurisdiction of this Court.  Mr. Baudier would not agree to appear voluntarily for deposition in this action.  Consequently, Andrx's only option to obtain Mr. Baudier's information is through the letter rogatory process.  Therefore, Andrx respectfully requests that the Court enter the attached Request for International Judicial Assistance Letter Rogatory.

### IV.    Conclusion.

Thus, because Mr. Baudier is a non-party witness not within the jurisdiction of this court or any United States District Court and is located overseas, Andrx seeks entry

of the attached Request for International Judicial Assistance Letter Rogatory so that

Andrx may procure evidence and testimony for use at trial. Such a letter rogatory is

appropriate because the witness is not a party to the lawsuit, does not consent to appear

for deposition, is a resident of Belgium, and is not otherwise subject to the jurisdiction of

this Court. Accordingly, Andrx requests that the Court issue the attached Request for

International Judicial Assistance Letter Rogatory, and that the executed Request be

returned to Andrx's counsel for delivery to the proper authority.

<div style="margin-left: 50%;">

Respectfully submitted,

</div>

OF COUNSEL:                                  POTTER ANDERSON & CORROON LLP

Steven Maddox
FOLEY & LARDNER, LLP
3000 K Street, N.W., Suite 500              By: /s/ Kenneth L. Dorsney
Washington, DC 20007                             Richard L. Horwitz (#2246)
Tel:    (202) 672-5300                           Kenneth L. Dorsney (#3726)
                                                 Hercules Plaza, 6th Floor
Douglas Carsten                                  1313 N. Market Street
FOLEY & LARDNER, LLP                             Wilmington, DE 19899
11250 El Camino Real, Suite 200                  Tel:  (302) 984-6000
San Diego, California 92130                      Fax:  (302) 658-1192
Tel:    (858) 847-6700                           rhorwitz@potteranderson.com
                                                 kdorsney@potteranderson.com
Martin P. Endres
HEDMAN & COSTIGAN, P.C.                      *Attorneys for Defendants*
1185 Avenue of the Americas                 *Andrx Pharmaceuticals, LLC and*
New York, New York 10036                    *Andrx Corporation*
Tel:    (212( 682-7474

Dated: June 21, 2006
738012 / 30015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on June 21, 2006, the attached document was

hand-delivered on the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the document

is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Melissa Stone Myers
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on June 21, 2006, I have Electronically Mailed the documents to the

following non-registered participants:

Joseph M. O'Malley, Jr.
Dominick A. Conde
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, NY 10112
jo'malley@fchs.com
dconde@fchs.com

/s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

719290