IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL, a corporation of Barbados, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-586 (KAJ) CONSOLIDATED |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION, | ) ) ) | |
| Defendants. | ) | |

--------------------------------------------------

| | | |
|---|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL, a corporation of Barbados, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-730 (KAJ) |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## THIRD REVISED SCHEDULING ORDER

The Court having considered the August __, 2006 joint letter application of the parties,

IT IS HEREBY ORDERED this 28th day of August, 2006, that the Court's June 23, 2006 Revised Scheduling Order (D.I. 85) is hereby revised as follows:

3. <u>Discovery</u>.

c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before October 13, 2006. The Court encourages the parties to

serve and respond to contention interrogatories early in the case. Unless ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.    <u>Disclosure of Expert Testimony</u>. The parties shall serve their initial expert reports on or before July 7, 2006, and rebuttal expert reports on or before September 11, 2006. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        9.    <u>Tutorial Describing the Technology and Matters in Issue</u>. A technology tutorial should be scheduled prior to trial. In that regard, each party may submit a videotape of not more than thirty minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission.

        10.    <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 27, 2006. Briefing will be presented pursuant to the Court's Local Rules.

        11.    <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on October 13, 2006, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document

will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties, Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

    12.    <u>Claim Construction</u>. Issues of claim construction shall be submitted to the Court no later than October 27, 2006 to be considered by the Court in conjunction with the parties' summary judgment motions.

All other provisions of the Court's June 23, 2006 Second Revised Scheduling Order (D.I. 85) remain in effect.

_____
U.S.D.C. Judge