

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

December 14, 2006

The Honorable Kent A. Jordan
J. Caleb Boggs Federal Building
844 N. King Street
Room 6325
Lockbox 10
Wilmington, DE 19801

The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100
Lockbox 8
Wilmington, DE 19801

Re: Discovery Dispute in *Biovail v. Andrx Pharmaceuticals LLC et al.*,
Civil Action No. 1:05-cv-0586

Dear Judge Jordan and Judge Thynge:

Defendant Andrx Pharmaceuticals LLC submits this letter in anticipation that this case will be transferred to Judge Thynge as soon as Judge Jordan's appointment to the Third Circuit becomes final.

Because this current dispute was scheduled to be considered by Judge Jordan on Monday, December 18, but has been taken off calendar, Andrx respectfully requests that the Court address as soon as possible plaintiff Biovail's refusal to produce witnesses for deposition and Biovail's delay of the case. Because Biovail brought this case under the Hatch Waxman Act, the mere pendency of this action precludes the FDA from approving Andrx's would-be competitive drug. For a period of two and a half years, every day that Biovail can delay the litigation is another day on the market, at monopoly pricing, that Biovail secures for itself.

It is plain that Biovail weighed the millions of dollars in guaranteed monopoly revenues associated with delay against what it perceived as a *de minimis* risk that it would be held accountable for its transgressions either by Judge Jordan (before moving on to the Third Circuit) or by the Judge to whom this case subsequently would be assigned.

Biovail's delay and attempt to cash in on Judge Jordan's elevation to the Third Circuit should be subject to immediate and substantial sanctions. The Court should consider terminating the pending stay of FDA approval, and order the requested depositions to occur within the next 30 days. The Hatch Waxman Act expressly authorizes this Court to terminate the stay where a plaintiff fails reasonably to cooperate in expediting the action. In this case, Biovail not only has failed to cooperate in expediting, but has affirmatively obstructed and delayed this case.

**The Background To The Dispute: Biovail's Pursuit Of Delay**

Biovail filed the first of these consolidated actions on August 10, 2005, alleging that Andrx's proposed generic cardizem extended release tablet infringed U.S. Patent No. 5,529,791 (the '791 patent). At the initial scheduling conference, Biovail proposed a trial date of July 2007

The Honorable Kent A. Jordan
The Honorable Mary Pat Thynge
December 14, 2006
Page 2

– fully eight (8) months later than Andrx's proposal, and a full five (5) months later than the March 2007 date set by that Court. That is, the Court substantially rejected Biovail's first attempt at delay. *See* Transcript Of November 10, 2005 at 6 & 10.

Next, Biovail tried essentially to reverse that rejection through consolidation. Instead of amending the complaint to include additional strengths *of the same accused product*, Biovail filed a separate action on October 14, 2005, alleging infringement of the same '791 patent. Biovail thereafter refused to consolidate the actions unless Andrx agreed to delay all the dates set by the Court by three months. Andrx filed a motion to consolidate, and Biovail demanded a three month delay in its opposition. *See* Biovail's Opposition To Consolidation at 2. This time, Biovail made progress toward its goal of delay, when the Court instructed the parties to further negotiate a delay, and ultimately pushed trial back a month to April from March 2007. *See* Transcript of January 26, 2006 at 19; Revised Scheduling Order of March 1, 2006.

A few months later, Biovail insisted on delaying expert reports and re-setting the rest of the dates in the schedule. Andrx accommodated Biovail with respect to the expert reports, but rejected Biovail's attempt to move other dates, which Biovail obviously intended later to argue warranted a further delay in the trial date.

Biovail also sought delay in view of the anticipated issuance of a new patent. This time, Biovail urged the Court to take off all dates going forward, because Biovail expected to obtain a new patent and intended to sue and consolidate it with this action. The Court declined to fully abandon the schedule.

Upon issuance of the patent several months later, Andrx agreed to consolidation, agreed to a joint schedule modification of a few months, and requested the depositions of four witnesses with information concerning the new patent. The Court subsequently issued an order, re-setting trial for January 14, 2008 – a full six months later than Biovail's previously requested date of July 2007, and more than a year later than Andrx's requested date of November 2006.

**Biovail Refuses To Produce Witnesses**

On September 27, 2006, Andrx requested the deposition of the following four witnesses in connection with the new patent: Kenneth Albert, Paul Maes, Edith Mathiowitz and Robin Teskin.

Again, on October 9, 2006, Andrx requested the depositions of the same witnesses.

Nearly a month later, Biovail still had not agreed to produce any of the witnesses, but nevertheless demanded an extension in responding to Andrx's discovery. Moreover, Biovail's lawyers demanded that the case be stayed until December 1, 2006, and that a variety of discovery and briefing dates be pushed back. Biovail's counsel cited its move to a new firm, back in September, as justification for its demands.

By letter of November 9, 2006, Andrx agreed to the extension but refused to build still more delay into the schedule. Andrx pointed out that the same lawyers who represented Biovail at the other firm now continued to represent Biovail at their new firm – Mr. O'Malley as lead counsel, and Mr. Ratliff as the lead lawyer in discovery and depositions. And, yet again, Andrx requested the depositions of the same witnesses.

A few weeks later, on November 22, 2006, Biovail again refused to provide any dates for the depositions, and again demanded all of the previous delays, thus compelling Andrx to seek a conference with the Court.

The Court then set a conference for the earliest available date, December 18, 2006, to address these issues. The Court, however, notified the parties on December 13, 2006 that the discovery conference would be taken off calendar. Biovail has thus achieved a stay of this action beyond December 1, 2006, in the face of outstanding discovery it owed to Andrx.

In the meantime, Biovail has continued its campaign of delay, by demanding more than a month extension to respond to an eight and a half page summary judgment motion – the subject of another pending motion.

In the absence of a direct Order from this Court, Biovail will continue to avoid producing the witnesses requested nearly three months ago. Biovail's inappropriate and delaying conduct should not be accepted by the Court. As a result, Biovail should be sanctioned.

We look forward to addressing these issues with the Court at the earliest available time.

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt/767340/30015
cc:   Clerk of the Court (via Hand Delivery)
      Counsel of Record (via Electronic Mail)