IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados, | ) ) ) |
| Plaintiff, | ) C.A. Nos.   05-586 (KAJ) |
| | )                  05-730 (KAJ) |
| v. | )                  06-620 (KAJ) |
| | ) (CONSOLIDATED) |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION, | ) ) |
| | ) |
| Defendants. | ) |

**BIOVAIL'S REPLY IN SUPPORT OF ITS MOTION FOR
AN EXTENSION OF TIME TO RESPOND TO ANDRX'S MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,529,791**

Biovail's motion simply requests a reasonable extension of time to permit Biovail to consult with its expert, and possibly submit expert declarations, to respond to a motion for summary judgment that Andrx filed just before the year-end holidays and long before the dispositive motion deadline.[1]  There is no basis for Andrx's characterization of this commonplace request as "dilatory and obstructionist" and an "extreme transgression," and Andrx's refusal to agree to the request is unreasonable.

Although styled as a motion for summary judgment of non-infringement, Andrx's motion is based on collateral estoppel.  Andrx, however, did not submit any expert report on this issue, even though it bears the burden of proof.  Thus, there was no expert report to rebut and no obligation for Biovail or its experts to address this issue.  There also were no "substantive deficiencies" in Biovail's infringement proofs.  Andrx relies in its motion on a supporting

---

[1] On Wednesday, December 13, 2006, Biovail was advised by Judge Jordan's chambers that Biovail should take up the resolution of this motion with the judge to whom this case will be reassigned.

declaration from an Andrx scientist directed to alleged similarities between the proposed and prior Andrx products, which was not addressed in any expert report. Biovail needs to consult with its expert – who is not available until January – about Andrx's new argument, and should be permitted to respond accordingly, including with expert declarations if necessary.

Andrx's argument that Biovail does not need additional time to respond because Andrx's brief is less than ten pages makes little sense. That Andrx makes unsupported conclusory statements that its proposed products are the same as its prior products does not mean Biovail is not entitled to substantively respond, explaining the myriad of differences between those products.

Moreover, Andrx's argument that Biovail cannot rely on expert testimony is incorrect. Biovail had no reason to provide rebuttal expert testimony on a defense that Andrx did not address in its expert reports. The two cases to which Andrx cites do not apply because they concerned situations where a party failed to present expert testimony on issues for which it bore the burden of proof. In *AstraZeneca v. Mutual Pharm. Co. Inc*., 278 F. Supp. 2d 491 (E.D. Penn. 2003), the defendant moved for summary judgment of invalidity, an issue on which it bore the burden of proof, relying on prior art that was not raised in the expert's report or in defendant's opening summary judgment brief. *Id*. at 502. The court held that defendant was aware of the newly-raised prior art and should have addressed it in its affirmative expert reports. *Id.* at 507-508. In *Stein v. Foamex Int'l, Inc*., 2001 U.S. Dist. LEXIS 12211, *19-20 (E. D. Pa. 2001), the court determined that the expert's affidavit was submitted in bad faith. There can be no "bad faith" here where Biovail had no reason to provide rebuttal expert testimony on an issue as to which Andrx provided no affirmative expert testimony.

Andrx will not be prejudiced by the short extension Biovail requests. The case

dispositive motion deadline is not until May 18, 2007 and trial is not scheduled until January 14, 2008. The requested extension will have no impact on anything else in the case.

Biovail respectfully requests that the Court grant its motion for an extension of time until January 19, 2007 to respond to Andrx's motion for summary judgment.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Karen Jacobs Louden*

        Jack B. Blumenfeld (#1014)
        Karen Jacobs Louden (#2881)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        klouden@mnat.com
         Attorneys for Plaintiff Biovail Laboratories
         International SRL

OF COUNSEL:

Joseph M. O'Malley, Jr.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
(212) 318-6000

December 15, 2006
549121

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on December 15, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND AND E-MAIL**

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
rhorwitz@potteranderson.com

**BY EMAIL**

Steven A. Maddox
FOLEY & LARDNER LLP
3000 K Street, N.W.
Suite 500
Washington, DC  20007
smaddox@foley.com

/s/ Karen Jacobs Louden
_____
klouden@mnat.com