# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados,<br><br>        Plaintiff,<br><br>        v.<br><br>ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) C.A. Nos.  05-586 (GMS)<br>)              05-730 (GMS)<br>)              06-620 (GMS)<br>) (CONSOLIDATED)<br>)<br>)<br>)<br>)<br>) |

**BIOVAIL'S SUR-REPLY BRIEF IN OPPOSITION TO
ANDRX'S MOTION FOR LEAVE TO FILE FIRST AMENDED
<u>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>**

Biovail files this sur-reply brief to correct three significant misstatements in Andrx's reply brief and to briefly address a new case on which Andrx relies.

First, in an effort to disprove Biovail's showing of undue prejudice, Andrx contends that Biovail had Andrx's inequitable conduct allegations "over almost a month" before initial expert reports concerning the '866 patent and "well before" Biovail's answering brief [D.I. 155, p. 9.]:

> Andrx's expert evidence concerning the false or misleading technical statements and contradictory data are found in the reports of Andrx's two technical experts on the '866 patent [Drs. Meyer and Bodmeier] . . . Biovail has not provided any reason to believe that the two technical experts who have served reports on infringement of the '866 cannot address the technical issues presented in the inequitable conduct allegations. Further, since Biovail has had those allegations for over almost a month before the first round of reports, and well before Biovail's opposition, Biovail's failure to provide any such reason is extremely telling.

The only inequitable conduct allegations that Andrx identified before Biovail's answering brief, however, are those found in Andrx's proposed amended answer. [D.I. 140, ¶¶ 27-63.] Andrx's expert reports concerning the '866 patent contain entirely different inequitable conduct allegations than those in Andrx's proposed amended answer. These new allegations were identified for the first time on Monday, April 9, 2007 -- when the parties served their initial experts reports on the '866 patent -- a week after Biovail filed its answering brief.

Andrx's expert reports on the '866 patent set forth at least nine new theories of inequitable conduct that were not included or even remotely suggested in Andrx's proposed amended answer. Those expert reports assert only one of the inequitable conduct theories set forth in Andrx's proposed amended answer. Andrx's new inequitable conduct allegations can be found, for example, at paragraphs 2, 60-63, 68, 70-97 of Dr. Meyer's expert report and in paragraphs 13, 38, 53-54, 56-80 of Dr. Bodmeier's expert report. [D.I. 156, Exhs. A and B.] These expert reports make no mention of the inequitable conduct allegations found at paragraphs 26, 34-63 of Andrx's proposed amended answer; therefore, Andrx presumably has dropped these allegations. [D.I. 140.] Even if Andrx's motion for leave to amend were granted, Andrx's new inequitable conduct allegations would not be in this case because they are not in Andrx's proposed amended answer and therefore have not been pled with particularity as required by Federal Rule of Civil Procedure 9(b).

Second, in an effort to convince the Court that its undue delay should be excused, Andrx continues to argue that it "learned" information in depositions supporting its inequitable conduct allegations. [D.I. 155, pp. 7-8.] This argument is belied by Andrx's expert reports on the '866 patent, which contain no citations to deposition testimony. Therefore, there is no basis

for Andrx's suggestion that the depositions it took played a role in the timing of its inequitable conduct allegations.[1]

Third, in an effort to denigrate Biovail's stated need for responses to contention interrogatories if Andrx succeeds on its motion, Andrx argues that it provided Biovail with detailed expert reports regarding its inequitable conduct allegations [D.I. 155, p. 7 (emphasis added).]:

> Biovail's suggestion of a need for contention interrogatories (Biovail Brief at 10) borders on the frivolous, because Andrx *already has provided* Biovail with a detailed written expert report of the alleged inequitable conduct in the reports of Dr. Roland Bodmeier and Dr. Marvin Meyer.

Andrx did not serve its expert reports on the '866 patent, however, until nearly a week <u>after</u> Biovail filed its answering brief. Further, the fact that Andrx has now submitted expert reports regarding inequitable conduct should not bar Biovail from conducting its own discovery into the basis for these contentions.

Biovail respectfully requests that the Court deny Andrx's Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaims.

---

[1] The new case on which Andrx relies in its reply brief, *Go Med. Indus. PTY v. C.R. Bard, Inc.*, 1995 WL 605802 (N.D. Ga. July 6, 1995), as is the case with the other cases on which Andrx relies and Biovail distinguished in its answering brief, does not support it. There, the defendant pointed to specific facts discovered in recent depositions that formed the basis of its inequitable conduct allegations. *Id*. at *4. Andrx, in contrast, has not pointed to any recently discovered facts.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Karen Jacobs Louden (#2881)*
        _____
        Jack B. Blumenfeld (#1014)
        Karen Jacobs Louden (#2881)
        klouden@mnat.com
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
          Attorneys for Plaintiff Biovail
          Laboratories International SRL

OF COUNSEL:

Joseph M. O'Malley, Jr.
Preston K. Ratliff, II
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 East 55th Street
New York, New York 10022
(212) 318-6000

April 16, 2007
801251

4