## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-586-GMS C.A. No. 05-730-GMS |
| v. | ) ) | C.A. No. 06-620-GMS CONSOLIDATED |
| ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY ON DEFENDANT'S MOTION TO FILE AMENDED ANSWER

OF COUNSEL:

Steven Maddox
Jeremy J. Edwards
FOLEY &LARDNER, LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007
Tel: (202) 672-5300

Douglas Carsten
FOLEY & LARDNER, LLP
11250 El Camino Real, Suite 200
San Diego, California 92130
Tel: (858) 847-6700

Martin P. Endres
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 682- 7474

Dated: April 20, 2007
790526 / 30015

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants*
*Andrx Pharmaceuticals, LLC and*
*Andrx Corporation*

## ARGUMENT

As an initial matter, Biovail's motion for leave to file a sur-reply should be considered in the context engineered by Biovail. That is, Andrx followed the ordinary and prudent course of deposing the witnesses involved in prosecuting the patent before making the serious allegation of inequitable conduct. It was Biovail that refused to produce those witnesses until the end of fact discovery – a common strategic ploy by plaintiffs in Hatch Waxman Act cases to delay and to lay a foundation for later arguing that there simply is not enough time before trial, and trial must then be delayed. If Biovail is squeezed by the schedule, Biovail has only itself to blame. The Court should not reward, and Andrx should not have to suffer the consequences of, Biovail's refusal to produce these witnesses until the end of fact discovery.

Biovail offers only a thin excuse to attempt to justify a sur-reply – the baseless assertion that Andrx's expert evidence of inequitable conduct includes "at least nine new theories of inequitable conduct" that "were not included or remotely suggested in Andrx's proposed answer." Biovail Motion at 1.

The assertion is baseless, as a side-by-side comparison of the proposed amended answer and the expert evidence reveals. The expert reports provide exactly the kind of more detailed information the Court would expect in an expert report to support the five theories of inequitable conduct pleaded in the amended answer: "Misrepresentation Of Prior Art Formulations" at ¶¶ 27-33; "The False and Misleading 'Expert' Declaration" at ¶¶ 34-45; "Applicants Withheld Contrary Experimental Data" at ¶¶ 46-50; "Applicants Withheld Material Prior Art" at ¶¶ 51-57; and "Misrepresentations of Operability Of Alternative Pharmaceutical Formulations" at ¶¶ 58-63. The fact that Andrx's expert reports contain more information and supporting details than the amended answer as to the falsity of Biovail's statements to the PTO is entirely normal.

In any event, if Biovail feels confident that these "new" inequitable conduct theories will not be a part of the case, Biovail is certainly free not to have its experts respond, and to make an argument or motion at an appropriate later date. Likewise, if Biovail is sufficiently certain that Andrx's evidence does not support inequitable conduct allegations in the amended answer, Biovail is free not to respond and make an argument or motion at an appropriate later date.

At present, however, the only issue before the Court is whether the amended complaint should be allowed. Biovail still has not provided any authority to contradict the well-settled rule that it is entirely appropriate, and maybe even necessary, for an alleged infringer to do exactly what Andrx did in this case – *i.e.*, take the depositions of people involved in the prosecution of a patent before alleging inequitable conduct. The fact that Biovail produced these witnesses in February 2007 instead of September 2006 (when Andrx first asked for them) does not change the legal analysis. Patentees cannot *de facto* insulate themselves from inequitable conduct simply by refusing to produce witnesses.

The rest of Biovail's sur-reply is a re-hash of arguments that Biovail made in its opposition brief, with a slight change in phraseology. Andrx addressed them in its reply brief, and sees no reason to waste the Court's time by repeating the points previously made

2

There is no basis for the sur-reply, but in any event, Andrx's motion to amend to add the

inequitable conduct allegations should be granted.

OF COUNSEL:                                  POTTER ANDERSON & CORROON LLP

Steven Maddox
Jeremy J. Edwards
FOLEY & LARDNER, LLP                         By: /s/ Kenneth L. Dorsney
3000 K Street, N.W., Suite 500                   Richard L. Horwitz (#2246)
Washington, DC  20007                            Kenneth L. Dorsney (#3726)
Tel:    (202) 672-5300                           Hercules Plaza, 6th Floor
                                                 1313 N. Market Street
Douglas Carsten                                  Wilmington, DE  19899
FOLEY & LARDNER,  LLP                            Tel:  (302) 984-6000
11250 El Camino Real, Suite 200                  Fax:  (302) 658-1192
San Diego, California  92130                     rhorwitz@potteranderson.com
Tel:    (858) 847-6700                           kdorsney@potteranderson.com

Martin P. Endres                             *Attorneys for Defendants*
HEDMAN & COSTIGAN, P.C.                       *Andrx Pharmaceuticals, LLC and*
1185 Avenue of the Americas                   *Andrx Corporation*
New York, New York  10036
Tel:    (212) 682-7474

Dated:  April 20, 2007
790526 / 30015

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on April 20, 2007, the attached document was

hand-delivered on the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the document

is available for viewing and downloading from CM/ECF.


Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899


I hereby certify that on April 20, 2007, I have Electronically Mailed the documents to the

following non-registered participants:

Joseph M. O'Malley, Jr.
Preston K. Ratliff, II
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY  10022
josephomalley@paulhastings.com
prestonratliff@paulhastings.com

/s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

719290