IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL a corporation of Barbados, <br><br> Plaintiff, <br><br> v. <br><br> ANDRX PHARMACEUTICALS, LLC and ANDRX CORPORATION <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-586-GMS <br> C.A. No. 05-730-GMS <br> C.A. No. 06-620-GMS <br> CONSOLIDATED <br><br> PUBLIC VERSION |

**REPLY MEMORANDUM IN SUPPORT OF ANDRX'S MOTION TO STRIKE
THE UNTIMELY EXPERT REPORT OF GERALD S. BRENNER, Ph.D.**

OF COUNSEL:

Steven Maddox
Jeremy J. Edwards
FOLEY & LARDNER, LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007
Tel: (202) 672-5300

Douglas Carsten
FOLEY & LARDNER, LLP
11250 El Camino Real, Suite 200
San Diego, California 92130
Tel: (858) 847-6700

Martin P. Endres
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 682-7474

Dated: May 4, 2007
Public Version Dated: May 8, 2007
793501 / 30015

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants Andrx
Pharmaceuticals, LLC and Andrx Corporation*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

I.  THE NEW BRENNER REPORT IS NEITHER A "SUPPLEMENTAL" EXPERT REPORT NOR A PERMISSIBLE RESPONSE TO ANDRX'S MOTION FOR SUMMARY JUDGMENT ...........................................................1

II.  BIOVAIL MAY NOT USE SUMMARY JUDGMENT TO EXPAND THE RECORD AND EVADE THE TERMS OF THE SCHEDULING ORDER .................3

III.  ANDRX WILL BE SUBSTANTIALLY PREJUDICED IF THE BRENNER REPORT IS NOT STRICKEN ......................................................................................4

IV.  THE PORTION OF ANDRX'S MOTION ASKING THE COURT TO STRIKE THE BRENNER DECLARATION IS NOT MOOT .........................................5

V.  CONCLUSION.......................................................................................................5

## TABLE OF AUTHORITIES

**CASES**

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.,*
    No. 01 Civ. 11295, 2003 WL 22471909 (S.D.N.Y. Oct. 31, 2003) ......................................... 2

*Inline Connection Corp. v. AOL Time Warner Inc.,*
    C.A. No. 02-272-MPT, 2007 WL 61883 (D. Del. Jan. 8, 2007) ............................................ 2

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 26(e)(1) ............................................................................................................. 1, 2

Given the chance to explain why it tried to serve a brand new expert report under the guise of "supplementation" more than six months after the deadline set in the Scheduling Order, Biovail offers little more than rhetoric and misdirection. Andrx's motion to strike should be granted because the new Brenner report was not a Rule 26(e)(1) supplemental report. The New Brenner report was not offered to correct or complete any prior report in this case. Rather, it was an improper attempt to challenge summary judgment by expanding the record -- in violation of the Scheduling Order. The resultant prejudice to Andrx is substantial, and Biovail's arguments to the contrary simply ignore the practical realities of the case. Finally, the portion of Andrx's motion directed to the Brenner declaration is not moot, because Andrx has no assurance that Biovail will not attempt to rely on it to introduce expert testimony at trial. The Court should strike both the Brenner declaration and the new Brenner report.

## I. THE NEW BRENNER REPORT IS NEITHER A "SUPPLEMENTAL" EXPERT REPORT NOR A PERMISSIBLE RESPONSE TO ANDRX'S MOTION FOR SUMMARY JUDGMENT

Biovail blithely insists that the new Brenner report is a "supplemental" expert report under Fed. R. Civ. P. 26(e)(1). (Biovail Br. at 9-12.) Biovail is wrong. Under Rule 26(e)(1), a party may supplement an expert report "if the party learns that in some material respect the information disclosed [in an earlier expert report] is incomplete or incorrect". Fed. R. Civ. P. 26(e)(1). That is not what happened in this case. Biovail knew early in fact discovery that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ -- a fact that Biovail does not dispute. (Andrx Br. at 4-5.) And of course Biovail was aware of its prior unsuccessful litigation against Andrx. Yet Dr. Brenner's initial infringement report simply did not address ▬▬▬▬▬▬▬▬▬▬▬. The new Brenner report contains brand new opinions concerning ▬▬▬▬▬▬, and thus is not a Rule 26(e)(1) supplement.

Biovail characterizes its untimely submission of the new Brenner report as a dutiful attempt to prevent "confusion" or "misunderstanding as to whether Dr. Brenner might offer [the opinions in the new Brenner report] at trial should they be necessary." (Biovail Br. at 2, 10.) Here, Biovail subtly indulges a remarkably defiant premise: that regardless of Biovail's conduct or the prejudice resulting therefrom, Biovail shall be entitled to have Dr. Brenner testify regarding matters never disclosed in the manner mandated by both the Federal Rules and by this Court.

Notably, Biovail does not cite a single case with facts analogous to those here that would support permitting the new Brenner report to stand.[1] In *Cartier*, the opposing party served a true Rule 26(e)(1) rebuttal report less than two months after the deadline, and the moving party made *"no showing of bad faith." Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ. 11295, 2003 WL 22471909, at *1-2 (S.D.N.Y. Oct. 31, 2003) (emphasis added). *Inline Connection*, the defendant served a true supplemental report promptly after new prior art references came to its attention. *Inline Connection Corp. v. AOL Time Warner Inc.*, C.A. No. 02-272-MPT, 2007 WL 61883, at *4-5 (D. Del. Jan. 8, 2007). Here, by contrast, the Brenner report is not a true supplemental report served two months late. Nor was it served to respond to newly uncovered facts. Rather, the Brenner report is a *brand new* report on an entirely new issue, served *six months* late, under the false flag of "supplementation". Moreover, Biovail served this new expert report only after Andrx's summary judgment motion laid bare the gaps in

---

[1] Without any support, Biovail tries to mint a new "egregiousness" standard for striking untimely expert reports, and declares that "Andrx essentially argues for automatic exclusion because Dr. Brenner's supplement occurred after the period for reports in the Scheduling Order (Biovail Br. at 2-3.). This position is off the mark. Andrx is merely asking the Court -- based on the principles embraced by the Third Circuit and interpreted by this District -- to exclude the prejudicial expert declaration and report injected into this case by Biovail under the incorrect pretense of "supplementation".

2

Biovail's expert reports. (Andrx Br. at 4-6.) As explained in Andrx's opening brief, these facts amply suggest that the Court should strike the new Brenner declaration and report.

## II. BIOVAIL MAY NOT USE SUMMARY JUDGMENT TO EXPAND THE RECORD AND EVADE THE TERMS OF THE SCHEDULING ORDER

Biovail suggests that the Brenner declaration was a proper response to Andrx's motion for summary judgment (and the accompanying declaration by Dr. Cheng). This is no more than a post-hoc excuse -- one that relies on a faulty premise. Taken to its logical conclusion, the result is inimical to purpose behind scheduling orders: the orderly disposition of cases.

The Cheng declaration did not invite an expert declaration in response. Biovail protests that the Cheng declaration was somehow an expert report, (Biovail Br. at 6, 10-11, 13,) but Dr. Cheng is a *fact witness* with direct personal knowledge relating to . In her declaration, Dr. Cheng merely compared . (See D.I. 109, Ex. 2.) At the time of the declaration, both of those documents had long been available to Biovail, and Biovail had already deposed Dr. Cheng.

Biovail's after-the-fact mischaracterizations of the Cheng declaration ring hollow in light of Biovail's failure to object. If Biovail thought that the Cheng declaration contained expert opinion, Biovail should have objected on appropriate grounds at the time. Likewise, as with any fact witness, if Biovail thought the Cheng declaration contradicted her prior sworn testimony (or other facts in the record), Biovail should have objected on those grounds. Such objections would have been an appropriate way for Biovail to attempt to challenge summary judgment without violating the Scheduling Order. But Biovail did not make any such objections. Instead, Biovail tried to expand the record using the Brenner declaration to fill gaps in its expert reports.

Biovail's tactic of seeking to expand the record is inimical to the orderly disposition of cases -- the very purpose behind having scheduling orders. In this case, when fact discovery closed and expert reports were in under the Scheduling Order, the record was supposed to be fixed as to the '791 patent (with the exception of the expert depositions to come), and Andrx was entitled to rely on that record in moving for summary judgment. Permitting Biovail to submit new expert declarations to defeat summary judgment, then convert such declarations into brand new expert reports in the guise of "supplementation", makes a mockery of pre-trial scheduling. The Court should not abide such tactics, especially where, as here, the resultant prejudice to the other party is substantial.

### III. ANDRX WILL BE SUBSTANTIALLY PREJUDICED IF THE BRENNER REPORT IS NOT STRICKEN

Biovail's arguments concerning prejudice both defy reason and ignore reality. At the outset, Biovail suggests that Andrx should not have been surprised to receive the new Brenner report. (Biovail Br. at 12.) Remarkably, Biovail appears to be suggesting that Andrx is not prejudiced because Andrx should have expected Biovail to violate the Scheduling Order by serving a brand new expert report some six months after the deadline.[2]

Moreover, Biovail entirely fails to acknowledge the real, practical prejudice that the new Brenner report will cause. If the new Brenner report is not stricken, Andrx will be forced to allocate resources to generate a responsive expert report, while simultaneously conducting discovery on the newly-asserted '866 patent, defending and deposing the several technical

---

[2] Biovail also suggests that Andrx is not prejudiced because Dr. Brenner has yet to be deposed. (Biovail Br. at 12.) This simply ignores the case law holding that the ability to depose an expert on an untimely-filed report does not necessarily cure the Andrx. Br. at 6 (citing Praxair, Inc. v. ATMI, Inc., 231 F.R.D. 457, 463 (D. Del. 2003) and Astrazeneca v. Mutual Pharm. Co., Inc., 278 F. Supp. 2d 491, 504, 507 (E.D. Pa. 2003)).)

4

experts in this case, preparing for the upcoming Markman hearing, and preparing for an October trial.

## IV. THE PORTION OF ANDRX'S MOTION ASKING THE COURT TO STRIKE THE BRENNER DECLARATION IS NOT MOOT

Biovail declares that the motion to strike the Brenner declaration is "moot", because the summary judgment motions associated with it have been withdrawn (Biovail Br. at 1, n.1.) Until stricken, however, the Brenner declaration remains part of the record in this case, and Andrx has no assurance that Biovail will not attempt to rely on it to introduce expert testimony. Indeed, Biovail argues in its opposition that the Brenner declaration has put Andrx on notice of Dr. Brenner's potential testimony at trial. (Biovail Br. at 12.) Thus, there is no issue of mootness here, and the Court should strike both the declaration and the new Brenner report.

## V. CONCLUSION

For the foregoing reasons, Andrx respectfully requests that this Court strike (1) the "Declaration of Gerald S. Brenner" filed in support of Biovail's January 19, 2007 opposition to summary judgment (and in support of its cross motion for summary judgment), and (2) the March 7 "Supplement to the Expert report of Gerald S. Brenner".

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Steven Maddox<br>Jeremy J. Edwards<br>FOLEY & LARDNER, LLP<br>3000 K Street, N.W., Suite 500<br>Washington, DC 20007<br>Tel: (202) 672-5300<br><br>Douglas Carsten<br>FOLEY & LARDNER, LLP<br>11250 El Camino Real, Suite 200<br>San Diego, California 92130<br>Tel: (858) 847-6700<br><br>-and- | By: /s/ Kenneth L. Dorsney<br>Richard L. Horwitz (#2246)<br>Kenneth L. Dorsney (#3726)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>Fax: (302) 658-1192<br>rhorwitz@potteranderson.com<br>kdorsney@potteranderson.com<br><br>*Attorneys for Defendants Andrx Pharmaceuticals, LLC and Andrx Corporation* |

Martin P. Endres
HEDMAN & COSTIGAN, P.C.
1185 Avenue of the Americas
New York, New York 10036
Tel:    (212) 682-7474

Dated: May 4, 2007
Public Version Dated: May 8, 2007
793501 / 30015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on May 8, 2007, the attached document was hand-delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF.

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on May 8, 2007, I have Electronically Mailed the documents to the following non-registered participants:

Joseph M. O'Malley, Jr.
Preston K. Ratliff, II
Paul, Hastings, Janofsky & Walker LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
josephomalley@paulhastings.com
prestonratliff@paulhastings.com

/s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

719290