IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOVAIL LABORATORIES INTERNATIONAL SRL,        )<br>                                                                            )<br>          Plaintiff,                                         )<br>                                                                            )       C.A. Nos. 05-586 (GMS)<br>          v.                                                   )                     05-730 (GMS)<br>                                                                            )                     06-620 (GMS)<br>                                                                            )<br>ANDRX PHARMACEUTICALS, LLC and   )       CONSOLIDATED<br>ANDRX CORPORATION,                            )<br>                                                                            )<br>          Defendants.                                    )<br>                                                                            ) | |

## **ORDER**

1. On November 6, 2007, the court conducted a pretrial conference in the above-captioned consolidated action. In the joint pretrial order filed by the parties, Andrx objected to the proposed testimony of each of Biovail's four designated expert witnesses. The objections are based, in large part, on the contentions by Andrx that: (1) the witness is unqualified to render an opinion on the subject matter of the testimony; (2) the opinion of the witness is unreliable because it is not based on any scientific analysis or testing; (3) the basis of the witness' opinion is not set forth in a properly constituted and timely presented expert report; or (4) the witness' testimony is cumulative.

2. Preliminarily, the parties are advised that the court will not accept the testimony of an expert witness where that witness has failed to set forth the basis of his/her opinion in a report that complies with Rule 26 of the Federal Rules of Civil Procedure. Additionally, the court will not accept cumulative testimony.

3. Further, the court concludes that it will address and determine whether a witness is qualified to render an opinion on the subject matter of his/her testimony, or whether the witness' opinion is unreliable at the time the court considers and resolves the various contested issues of fact and law presented by this action. In other words, the court is not willing to consider arguments on Andrx's objections and other issues raised by the parties until the post trial/pre-decision or verdict submissions in this action.

4. Given the court's ability to sort through and eliminate from consideration testimonial evidence that does not comport with the Federal Rules of Evidence, and case law interpreting those Rules, the court is hopeful the parties will not further burden it with arguments of a similar nature in advance of or during trial.

Dated: November 7, 2007           /s/ Gregory M. Sleet
                                  CHIEF, UNITED STATES DISTRICT JUDGE